# United States Court of Appeals
## For the First Circuit

No. 13-1484

UNITED STATES OF AMERICA,

Appellee,

v.

ANTOINE VEGA-SALGADO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Selya and Thompson,
Circuit Judges.

Todd A. Bussert and Frost Bussert, LLC on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Carmen M. Márquez-Marín, Assistant United States Attorney, on brief for appellee.

October 14, 2014

**SELYA, Circuit Judge.** After entering into a written plea agreement with a commitment that the government would recommend a sentence of no more than 56 months, defendant-appellant Antoine Vega-Salgado pleaded guilty to being a prohibited person in possession of a firearm. See 18 U.S.C. § 922(g)(1). The district court, without objection, fashioned a guideline sentencing range (GSR) significantly higher than that anticipated by the parties and — notwithstanding the government's recommendation of a 56-month incarcerative term — proceeded to impose a mid-range sentence (103 months). The appellant challenges both the procedural propriety and the substantive reasonableness of the sentence. Concluding, as we do, that the sentence imposed was free from error, we affirm.

We start by rehearsing the circumstances underlying this appeal. The appellant, a previously convicted felon, was found in possession of a small arsenal: a loaded 9mm pistol that had been modified to operate as a fully automatic machine gun, two magazines, and 38 rounds of ammunition. In due course, a federal grand jury sitting in the District of Puerto Rico returned an indictment charging the appellant with being a felon in possession of a firearm.[1]

After initially maintaining his innocence, the appellant entered into a non-binding plea agreement with the government (the

---

[1] The indictment contained two other counts, which were dismissed pursuant to the plea agreement. Those counts need not concern us.

Agreement).  See Fed. R. Crim. P. 11(c)(1)(B).  In the Agreement, the parties projected the appellant's base offense level at 20. See USSG §2K2.1(a)(4)(B)(i)(II), (ii)(I).  The government conceded that the appellant deserved a three-level reduction for acceptance of responsibility.  See id. §3E1.1(b).  However, the Agreement made no effort to determine the appellant's criminal history category (CHC).  Knowing that the applicable GSR could not be computed without pinpointing the CHC, the parties agreed to recommend a term of imprisonment "in the middle range of" whatever GSR proved appropriate.

The Agreement went on to spell out what the sentencing ranges might be if the adjusted offense level stipulated by the parties were combined with various CHCs.  It specified that, at the highest possible CHC (VI), the GSR would be 51-63 months and the recommended mid-range sentence would total 56 months.

Once the Agreement was executed, the appellant tendered his guilty plea.  A magistrate judge accepted it and ordered a Presentence Investigation Report (PSI Report).

In the course of preparing the PSI Report, the probation officer noted that the appellant had a number of prior convictions for aggravated felonies.[2]  The circumstances of these convictions boosted the appellant's base offense level to 26, see USSG

---

[2] The PSI Report described no fewer than five prior felony convictions, including several controlled substance convictions and one conviction for a crime of violence.

§2K2.1(a)(1)(A)(ii), (B), and resulted in an adjusted offense level of 23. With this offense level in place, the probation officer assigned the appellant to CHC VI and set his GSR at 92-115 months. See id. ch. 5, pt. A (sentencing table).

Neither party objected to any portion of the PSI Report (including the probation officer's guideline calculations). At the disposition hearing, the district court followed the probation officer's recommendation and — again without objection — adopted the suggested guideline computations in full. Standing by the Agreement, the government urged the court to impose a 56-month sentence (despite the fact that such a sentence would, by virtue of the revised guideline calculations, represent a substantial downward variance). When both attorneys had said their piece and the appellant had allocuted, the court levied a mid-range sentence of 103 months. This timely appeal ensued.

The review process for federal criminal sentences is bifurcated: "we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011). Consistent with this paradigm, we begin here with the appellant's several claims of procedural error. In doing so, we reaffirm that findings of fact are reviewed for clear error and questions of law (including questions about the meaning

-4-

and application of the sentencing guidelines) are reviewed de novo. See United States v. Leahy, 668 F.3d 18, 21 (1st Cir. 2012).

To begin, the appellant contends that he was not adequately informed about the non-binding nature of the Agreement. Because the appellant raises this contention for the first time on appeal, our review is for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). The plain-error hurdle is high. See id. (delineating standard). We discern no error in this respect, plain or otherwise.

The Agreement itself states, in unequivocal terms, that the appellant "understands and acknowledges that the court is not a party to this . . . Agreement and thus[] is not bound by this agreement or the sentencing calculations and/or recommendations contained" in it. The appellant vouchsafed that he had "read or been read this . . . Agreement and carefully reviewed every part of it with [his] attorney." He represented that he "ha[d] no doubts as to the contents of the [A]greement" and that he "fully" understood its provisions.

To cinch matters, at the change-of-plea hearing the magistrate judge specifically queried the appellant about whether he understood that "any sentence imposed by the Court is entirely in the discretion of the Sentencing Judge." In the same vein, the magistrate judge inquired whether the appellant understood that "the terms of the Plea Agreement are only a recommendation, they

are not mandatory."  The appellant responded affirmatively to these queries.

Viewed against this backdrop, the appellant's claim of error disintegrates.

Along the same lines, the appellant suggests that he was not properly informed about the effect of the Agreement on his right to withdraw his guilty plea.  This suggestion, too, is fatuous.

For one thing, the appellant made no effort to withdraw his guilty plea, even after it became apparent that the district court would not accept the 56-month recommendation.  For another thing, the Agreement stated with conspicuous clarity that as long as the court sentenced the appellant within the statutory maximum, he "cannot, for that reason alone, withdraw his guilty plea."

Next, the appellant asseverates that the sentencing court failed adequately to explain why it rejected the joint sentencing recommendation.  This asseveration lacks force.  To be sure, a sentencing court has a duty to explain its choice of a particular sentence.  See United States v. Fernández-Cabrera, 625 F.3d 48, 53 (1st Cir. 2010); United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006).  There is, however, no corollary duty to explain why it eschewed other suggested sentences.[3]  Cf. Turbides-

_____

[3] There is no question but that the court was aware of the joint recommendation for a 56-month sentence.  The government made this point clearly at the disposition hearing, and we think it

-6-

Leonardo, 468 F.3d at 40 (explaining that "a sentencing court is not required to address frontally every argument advanced by the parties").

Here, the district court provided a cogent explanation of its reasons for imposing a 103-month sentence. After acknowledging the presence of potentially mitigating factors such as the defendant's lifelong struggle with drug dependency and minimal family support, the court summarized its reasoning:

> Given the serious nature of the offense, the type of weapon possessed by the defendant, which had been modified to convert it to a fully automatic pistol, his personal circumstances and his extensive prior record, the Court finds that a term of imprisonment at mid applicable guideline range is sufficient but not greater than necessary to meet statutory objectives of punishment and of deterrence in this case.

No more was exigible, especially since the sentence imposed fell within a properly calculated GSR. See Fernández-Cabrera, 625 F.3d at 54 (explaining that "sentences that fall inside a properly calculated guideline sentencing range require a lesser degree of explanation than those that fall outside" (quoting Turbides-Leonardo, 468 F.3d at 41)).

Battling on, the appellant asserts that the sentencing court impermissibly assumed the reasonableness of a within-the-

reasonable to infer that the court considered and rejected the joint recommendation, even if the court did not say so explicitly. See United States v. Dávila-González, 595 F.3d 42, 48-49 (1st Cir. 2010).

range sentence and, for that reason, neglected to consider the factors enumerated in 18 U.S.C. § 3553(a) adequately. The appellant's premise is correct: the Supreme Court has forbidden any presumption that the GSR reflects a reasonable sentence. See Nelson v. United States, 555 U.S. 350, 352 (2009) (per curiam); Gall v. United States, 552 U.S. 38, 50 (2007). But the conclusion that the appellant seeks to draw is not borne out by the record.

In support of his "presumption" argument, he points only to the "restricted rationale" offered by the sentencing court. That restricted rationale, he says, evinces that the court "felt more compelled to adhere to the Guidelines than to make a thoughtful, individualized assessment." Appellant's Br. at 15. This is whistling past the graveyard: while the court's explanation for the sentence was not elaborate, nothing about the explanation indicates that it either considered the guidelines to be a straitjacket or that it embraced the GSR without due consideration of the appellant's circumstances. That the guidelines are advisory is, by now, a basic tenet of federal criminal sentencing. We presume that federal judges know the law, and a reviewing court should not lightly assume that a lower court is either ignorant of or has forgotten an abecedarian principle. See United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008). In this instance, the transcript of the sentencing hearing, read in its entirety, offers

no plausible reason to doubt the court's awareness of the advisory nature of the sentencing guidelines.

The appellant's related claim is that the sentencing court failed adequately to take into account all the factors enumerated in 18 U.S.C. § 3553(a). In particular, the appellant faults the sentencing court for omitting any mention of training or rehabilitation. See 18 U.S.C. § 3553(a)(2)(D).

The appellant is fishing in an empty stream. His argument is undermined by the sentencing court's explicit statement that it "considered the sentencing factors set forth in 18 U.S.C. section 3553(a)." Such a statement "is entitled to some weight." Clogston, 662 F.3d at 590 (internal quotation marks omitted). This is especially so where, as here, the court proceeds to impose a within-the-range sentence. See id.

To say more on this point would be supererogatory. There is simply no principled basis in the record to doubt the veracity of the district court's explicit statement. Although consideration of all relevant section 3553(a) factors is obligatory, parsing through them mechanically is not. See id. at 592.

The last leg of our journey brings us up against the appellant's insistence that his 103-month sentence is substantively unreasonable. We review for abuse of discretion whether a sentence passes muster as substantively reasonable. See Gall, 552 U.S. at 51; United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008). In

the course of that review, we remain mindful that the substantive reasonableness of a sentence "focuses on the duration of the sentence in light of the totality of the circumstances." United States v. Del Valle-Rodríguez, 761 F.3d 171, 176 (1st Cir.), cert. denied, ___ S. Ct. ___ (Oct. 6, 2014) [No. 14-5790, 2014 WL 4079929].

This standard of review is quite deferential. In effect, it reflects an understanding that, in any given case, "there is not a single reasonable sentence but, rather, a range of reasonable sentences." Martin, 520 F.3d at 92. Unless a sentence "falls outside the expansive boundaries of that universe," we will uphold the sentencing court's choice. Id. Reversal for such a reason is particularly unlikely when, as in this case, the sentence imposed fits within the compass of a properly calculated GSR. See Gall, 552 U.S. at 51; Clogston, 662 F.3d at 592-93.

We need not tarry. The sentence imposed in this case falls comfortably within the commodious bounds of reasonableness. This was no garden-variety felon-in-possession case; the type of weapon involved — a pistol modified to operate as a fully automatic machine gun — weighed heavily in assaying the gravity of the appellant's criminal conduct. To make matters worse, the appellant has an extensive criminal history including serious felonies. While any one of us, if sitting as a trial judge, might have fashioned a more lenient sentence, that is not the test. See

<u>Martin</u>, 520 F.3d at 92.  What counts is that, on this record, it cannot be said that a 103-month sentence was unreasonable.  Thus, the district court did not abuse its discretion in imposing such a sentence.

We need go no further.  For the reasons elucidated above, the sentence is

**Affirmed**.