# United States Court of Appeals
## For the First Circuit

---

No. 14-1038

UNITED STATES OF AMERICA,

Appellee,

v.

ANDRÉS RUIZ-HUERTAS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

---

Before

Kayatta, Selya and Barron,
Circuit Judges.

---

Luis A. Guzmán Dupont on brief for appellant.
Rosa Emilia Rodriguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and John A. Mathews II, Assistant United States Attorney, on brief for appellee.

July 7, 2015

**SELYA**, **Circuit Judge**.    In this sentencing appeal, defendant-appellant Andrés Ruiz-Huertas complains that his 50-year sentence is both procedurally and substantively unreasonable. After careful consideration, we affirm the challenged sentence.

This appeal arises out of an indictment returned by a federal grand jury sitting in the District of Puerto Rico, which charged the defendant, inter alia, with five counts of unlawful production of child pornography.[1]  See 18 U.S.C. § 2251(a).  Each count involved a different victim.

Before trial, the defendant entered into a non-binding plea agreement with the government (the Agreement).  See Fed. R. Crim. P. 11(c)(1)(A)-(B).  The Agreement obligated the government to recommend an aggregate term of immurement of 35 years, regardless of what the court determined the defendant's criminal history category (CHC) to be.  It left the defendant free to argue for concurrent sentences of 15 years (the statutory mandatory minimum sentence on each count, see 18 U.S.C. § 2251(e)).  The district court accepted the plea, and the probation department compiled a presentence investigation report (PSI Report).  When received, the PSI Report adumbrated a series of guideline

---

[1]  The indictment included five other counts, detailing additional crimes.  These charges were eventually dismissed, and we do not discuss them further.

calculations, culminating in a total offense level of 43, a CHC of I, and a guideline sentence of life imprisonment.

At the disposition hearing, the government stuck to its bargain and recommended an aggregate of 35 years' imprisonment. The district court then heard from both defense counsel and the defendant. Without objection, the court adopted the guideline calculations recommended in the PSI Report. The court proceeded to acknowledge the defendant's age (60), strong family ties, health problems, and unblemished criminal history. After stating that it had considered the factors enumerated in 18 U.S.C. § 3553(a), the Agreement, defense counsel's statements, and the defendant's allocution, the court declared that it would impose an aggregate 50-year term of imprisonment. To accomplish this goal, the court sentenced the defendant to concurrent 30-year terms on three of the counts of conviction and concurrent 20-year terms on the other two counts, to be served consecutively to the three concurrent 30-year sentences. This timely appeal ensued.[2]

In sentencing appeals, appellate review is bifurcated. See United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011).

---

[2] Although the Agreement included a waiver-of-appeal provision, that provision took effect only if the defendant was sentenced according to the Agreement's "terms, conditions and recommendations." Because the court did not adhere to these recommendations, the waiver-of-appeal provision does not pretermit this appeal. See United States v. Fernández-Cabrera, 625 F.3d 48, 51 (1st Cir. 2010).

"[W]e first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." Id.; see Gall v. United States, 552 U.S. 38, 51 (2007). When mulling the procedural reasonableness of a sentence, we afford de novo review to the sentencing court's interpretation and application of the sentencing guidelines, assay the court's factfinding for clear error, and evaluate its judgment calls for abuse of discretion. See United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013). With respect to the substantive reasonableness of a sentence, we proceed under the abuse of discretion rubric, taking account of the totality of the circumstances. See Gall, 552 U.S. at 51; United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).

These standards of review may be altered where a party fails to preserve claims of error in the court below. In that event, review is for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). To prevail under this daunting standard, the defendant must establish "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id.

With these benchmarks in place, we turn to the defendant's specific claims of error. We start with the

defendant's contention that the sentencing court failed to consider all the factors limned in 18 U.S.C. § 3553(a), especially the defendant's age, family ties, poor health, and lack of criminal record. Since this contention was not advanced below, review is for plain error.

We have held that even though a district court is obliged to "consider all relevant section 3553(a) factors, it need not do so mechanically." Clogston, 662 F.3d at 592 (internal quotation marks omitted). That is, a district court "is not required to address those factors, one by one, in some sort of rote incantation when explicating its sentencing decision." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). When — as in this case — the district court explicitly states that it has considered the section 3553(a) factors, "[s]uch a statement is entitled to some weight." Clogston, 662 F.3d at 592 (internal quotation marks omitted).

These authorities are controlling here. Given that the potentially mitigating factors emphasized by the defendant were vehemently argued by his counsel and specifically acknowledged by the court immediately before it imposed the sentence, we discern no error, plain or otherwise, in this regard. Here, as in Flores-Machicote, 706 F.3d at 23, the defendant's real complaint is not that the court failed to consider the section 3553(a) factors, but that the court did not assign the weight to certain factors that the defendant thought appropriate.

The defendant's next claim of error suggests that the court disregarded its statutory duty to explicate its sentencing rationale. See 18 U.S.C. § 3553(c). Because this plaint was not voiced below, review is for plain error.

In pertinent part, 18 U.S.C. § 3553(c) provides that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." The fact that a sentence is consistent with the guideline sentencing range (properly calculated) correlates to some extent with the "requisite degree of explanation: a within-the-range sentence usually demands a less detailed explanation than a variant sentence." United States v. Ocasio-Cancel, 727 F.3d 85, 91 (1st Cir. 2013).

In the case at hand, the guideline sentence was life imprisonment. The court imposed an aggregate incarcerative term of 50 years. In crafting what was effectively a life sentence for the 60-year-old defendant, the court imposed consecutive sentences to the extent necessary to achieve what it regarded as an appropriate sentencing outcome. See USSG §5G1.2, comment. (n.1). Thus, the requirement for an explanation was less stringent than if the court had imposed a variant sentence.[3]

---

[3] The defendant also claims that the court violated 18 U.S.C. § 3553(c)(2). That provision is inapposite because the sentence here is a guideline sentence, not a variant sentence.

To be sure, the district court provided virtually no explanation for its choice of the particular sentence. It is settled law, though, that the failure adequately to explain a sentence, in and of itself, is not plain error. See United States v. Medina-Villegas, 700 F.3d 580, 583 (1st Cir. 2012). More is needed: the defendant must show "a reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence." Id. (internal quotation mark omitted). No such showing has been proffered here.

Where an explanation for a sentence is lacking, "a court's reasoning can often be inferred by comparing what was argued by the parties or contained in the [PSI] report with what the judge did." United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc). In this instance, the PSI report (to which neither side objected) provides a comprehensive view of the tawdry facts of this case. The defendant engaged in sexually explicit conduct with girls from nine to sixteen years of age. One of those victims suffered from a mental disability. The encounters involved bathing, touching, oral sex, and vaginal penetration — and the defendant surreptitiously video-recorded all of them. These offenses resulted in mental health issues on the part of some victims, and one victim contracted a sexually transmitted disease. To make a bad situation worse, the defendant complained during his allocution that the victims "pushed [him] to

it" and "put it on a silver platter to [him]." Considering the abhorrent nature of the defendant's conduct and his palpable lack of contrition, it is easy to infer the district court's sentencing rationale. On plain error review, no more is exigible. See Medina-Villegas, 700 F.3d at 583-84.

Let us be perfectly clear. Transparency is an important virtue in the sentencing realm, and we do not lightly countenance a district court's failure to provide a coherent explanation of its sentencing rationale as required by 18 U.S.C. § 3553(c). By the same token, however, we do not lightly countenance a defendant's failure to make a timely objection and bring such an oversight to the attention of the district court. A failure to object limits appellate review to plain error and, under this daunting standard, the record affords no basis for vacating the sentence imposed. See id.

The defendant's last claim of procedural error, perhaps subsumed in his "no explanation" claim, is that the district court erred by failing to articulate its reasons for deviating from the range of sentencing options discussed in the Agreement. This claim lacks force: while a district court may have a duty adequately to explain its choice of a particular sentence, it has no "corollary duty to explain why it eschewed other suggested sentences." United States v. Vega-Salgado, 769 F.3d 100, 104 (1st Cir. 2014). Thus,

the court below had no obligation to explain its rejection of the sentencing options advocated by the parties.

This brings us to the defendant's challenge to the substantive reasonableness of his sentence. He argues that his sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

The applicable standard of review is somewhat blurred. Of the seven circuits that have examined the issue, six have found that an objection in the district court is not required to preserve a claim that the duration of a sentence is substantively unreasonable. See United States v. Autery, 555 F.3d 864, 871 (9th Cir. 2009); United States v. Vonner, 516 F.3d 382, 389 (6th Cir. 2008) (en banc); United States v. Wiley, 509 F.3d 474, 476-77 (8th Cir. 2007); United States v. Bras, 483 F.3d 103, 113 (D.C. Cir. 2007); United States v. Torres-Duenas, 461 F.3d 1178, 1182-83 (10th Cir. 2006); United States v. Castro-Juarez, 425 F.3d 430, 433-34 (7th Cir. 2005). But see United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007). This court, however, has held, albeit without analysis, that a failure to interpose an objection in the district court to the substantive reasonableness of a sentence begets plain error review.[4]

---

[4] The more recent of the two First Circuit cases, United States v. Castro-Caicedo, 775 F.3d 93, 103 (1st Cir. 2014), cert.

We need not resolve this apparent anomaly today. Assuming, favorably to the defendant, that the abuse of discretion standard applies, the outcome would be the same. Accordingly, we proceed under that rubric, taking into account the totality of the circumstances. See Gall, 552 U.S. at 51; Martin, 520 F.3d at 92.

A sentence is substantively reasonable so long as it rests on a "plausible sentencing rationale" and embodies a "defensible result." Martin, 520 F.3d at 96. A challenge directed at substantive reasonableness is usually a heavy lift, and reversal is "particularly unlikely when . . . the sentence imposed fits within the compass of a properly calculated [guideline sentencing range]." Vega-Salgado, 769 F.3d at 105.

This is such a case. The aggregate sentence imposed is consistent with the guideline sentence of life imprisonment. Moreover, the sentencing court was careful to structure the overall sentence to fit within the statutory maximum of 30 years per count. See 18 U.S.C. § 2251(e). "In most cases, there is not a single appropriate sentence but, rather, a universe of reasonable sentences." United States v. Rivera-González, 776 F.3d 45, 52 (1st Cir. 2015). Giving due regard to the especially heinous

_____

denied, 135 S. Ct. 1884 (2015), merely cites to the earlier case, United States v. Tavares, 705 F.3d 4, 33 (1st Cir. 2013). In Tavares, the sole authority cited for the proposition is United States v. Matos-Quiñones, 456 F.3d 14, 20-21 (1st Cir. 2006) — a precedent that has nothing to do with a claim that a sentence is substantively unreasonable.

nature of the offenses of conviction, the victims' tender ages, and the defendant's begrudging expression of remorse, it is evident that the aggregate sentence imposed here falls within the wide universe of reasonable sentencing outcomes.

We need go no further.  For the reasons elucidated above, the sentence is

**Affirmed**.