**Not for publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 15-1711

UNITED STATES OF AMERICA,

Appellee,

v.

EDGAR CANCEL-ZAPATA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Chief Judge,
Stahl and Thompson, Circuit Judges.

Juan M. Masini-Soler for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, was on brief, for appellee.

May 13, 2016

**STAHL**, <u>Circuit Judge</u>.  Dr. Edgar Cancel-Zapata played a central role in a conspiracy which, through the submission of false Medicare claims, succeeded in defrauding the government of some $750,000.  After Cancel-Zapata pled guilty to a single count of aggravated identity theft, the district court sentenced him to a prison term of one year and one day.  Cancel-Zapata now appeals, challenging his sentence as substantively unreasonable.

This case raises intriguing questions about the scope of our jurisdiction and about the enforceability of waivers of the right to seek appellate relief.  But, as we explain, we need not answer either of these questions.  Rather, after careful consideration, we find the sentence imposed to be reasonable and, thus, we AFFIRM.

## I. Facts & Background[1]

Located in Puerto Rico, Olympic Medical Equipment was in the business of procuring durable medical equipment for Medicare beneficiaries.  Olympic's owner and president, Jaime Sepúlveda-Concepción, devised a basic but apparently successful scheme.  With the help of his sales coordinator, Mario Reyes-Cruz, Sepúlveda-Concepción created false equipment orders, which he submitted to

---

[1] In light of Cancel-Zapata's guilty plea, we recount the facts as established by the plea agreement, the change-of-plea colloquy, the presentence report, and the sentencing transcript. <u>United States</u> v. <u>King</u>, 741 F.3d 305, 306 (1st Cir. 2014).

Medicare for reimbursement. To effectuate the scheme, Sepúlveda-Concepción and Reyes-Cruz enlisted the help of two doctors, Cancel-Zapata and Sonia Guzmán-Silvagnoli, who were responsible for completing false patient progress notes, prescriptions, and other paperwork intended to make the equipment orders appear legitimate. Between 2007 and 2010, the conspirators submitted a total of some 1,150 false claims, resulting in the government's disbursement of $747,461.31, a portion of which was paid to Cancel-Zapata in the form of kickbacks.

These four individuals were named in an indictment charging, inter alia, conspiracy to commit health care fraud (18 U.S.C. §§ 1347 and 1349) and aggravated identity theft (18 U.S.C. § 1028A(a)(1)). In June 2014, Cancel-Zapata pled guilty to a single count of aggravated identity theft pursuant to a plea agreement. In exchange, the government agreed to drop the remaining charges against him, and the parties also agreed to jointly recommend a sentence of twenty-four months, representing the applicable mandatory minimum. See 18 U.S.C. § 1028A(a)(1).

Later, in December 2014, the government filed a motion seeking a downward departure. See U.S.S.G. § 5K1.1. Citing Cancel-Zapata's "substantial" assistance in furtherance of its investigation, the government urged the district court to impose a sentence of one year and one day. Then, in April 2015, the government sought yet another downward departure. This time,

citing Cancel-Zapata's ongoing assistance, his role as a doctor in the community, and his poor health, the government urged the district court to impose a sentence of just six months.

At a sentencing hearing conducted in May 2015, the district court accepted the government's initial request to sentence Cancel-Zapata to a prison term of one year and one day. However, citing the "nature of the offense," Cancel-Zapata's "key role," and the significant monetary losses involved, the district court declined to grant a further reduction.

## II. Discussion

### A.    Jurisdiction and Appellate Waiver

Before we reach the merits of Cancel-Zapata's claim that his sentence is substantively unreasonable, we first contend with two antecedent issues raised by the government.  First, the government claims that we lack jurisdiction to hear this appeal because Cancel-Zapata's sentence is not subject to review under the narrow grant of jurisdiction contemplated in 18 U.S.C. § 3742(a).[2]  Indeed, because Cancel-Zapata's sentence fell below the applicable mandatory minimum, there is some basis for the government's jurisdictional skepticism.  See United States v.

---

[2] Section 3742(a) allows a defendant to appeal a sentence under a limited set of circumstances, such as where the sentence was "imposed in violation of law" or "as a result of an incorrect application of the sentencing guidelines."

- 4 -

Anonymous Defendant, 629 F.3d 68, 74 & n.1 (1st Cir. 2010) (noting that reasonableness review applies to "virtually the entire gamut of sentences imposed under the advisory guidelines," except "sentences imposed pursuant to a statute that contains a mandatory minimum term of imprisonment"). But, because we are faced with a thorny question of statutory jurisdiction and because Cancel-Zapata's claim may be easily decided on its merits in favor of the government, we may presume, without deciding, that we have jurisdiction. See Bullard v. Hyde Park Sav. Bank (In re Bullard), 752 F.3d 483, 485 n.1 (1st Cir. 2014), aff'd sub nom. Bullard v. Blue Hills Bank, 135 S. Ct. 1686 (2015).

The government next argues that Cancel-Zapata is barred from challenging his sentence by virtue of an appellate waiver provision contained in his plea agreement. Therein, Cancel-Zapata waived the right to appeal his sentence, provided that it was imposed "in accordance with the terms and conditions" of the parties' joint recommendation for a twenty-four-month sentence. The parties dispute whether Cancel-Zapata's sentence of one year and one day is subject to the waiver. On the one hand, as the government fairly argues, Cancel-Zapata in fact received a sentence more favorable than the one contemplated in the plea agreement. See United States v. González-Colón, 582 F.3d 124, 129 (1st Cir. 2009) ("A district court that imposes a sentence lower than that recommended by the plea agreement . . . cannot in any

sense be said to have exceeded the 'terms and conditions' of the agreement."). But, on the other hand, a sentence of one year and one day is no doubt materially different than a sentence of twenty-four months. See United States v. Santiago-Burgos, 750 F.3d 19, 23 (1st Cir. 2014) (noting that appellate waivers must be construed in light of "basic contract interpretation principles"). Yet here too, we need not decide the issue because the case is easily resolved on its merits. See United States v. Salas-Fernández, 620 F.3d 45, 47 (1st Cir. 2010) ("We see no need to plunge into these murky waters . . . . Because this appeal is easily resolved on the merits, we have the luxury of being able to bypass the [appellate waiver] issue today."). We thus presume, again without deciding, that the waiver does not foreclose Cancel-Zapata's appeal.

B.   Substantive Reasonableness

Although Cancel-Zapata did not preserve his substantive reasonableness claim, we assume, favorably to him, that it is subject to abuse of discretion review. United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015). "A sentence is substantively reasonable so long as it rests on a 'plausible sentencing rationale' and embodies a 'defensible result.'" Id. (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). Proving substantive unreasonableness is a "heavy lift," particularly where, as here, the sentence imposed is below both

- 6 -

the guideline range and the applicable mandatory minimum.  Id. at 228-29.

Cancel-Zapata claims that his sentence is substantively unreasonable because the district court failed to give adequate consideration to a host of mitigating factors, namely, his cooperation with the authorities, his acceptance of responsibility, his lack of any criminal history, his poor health, and his role in the community as a physician.  Cancel-Zapata also assigns error to the district court's failure to consider the fact that his codefendant, Dr. Guzmán-Silvagnoli, benefitted from a pretrial diversion program, while he did not.[3]

Cancel-Zapata's claims are belied by the sentencing transcript, which reveals that the district court expressly considered each and every one of the mitigating factors that he identifies.  In imposing the sentence, the district court twice described Cancel-Zapata as a first-time offender, and expressly referenced his "volunteer medical work in the community" and the "various medical conditions for which he is receiving treatment." The district court next discussed Cancel-Zapata's "acceptance of criminal responsibility" and the "substantial assistance" he provided.  Finally, the district court considered, but rejected,

---

[3] Cancel-Zapata's brief also refers to recent executive and congressional efforts to reduce the sentences of non-violent drug offenders.  We find this reference both undeveloped and inapposite.

Cancel-Zapata's comparison to Dr. Guzmán-Silvagnoli, noting that there was "no equivalence" because Guzmán-Silvagnoli had been named in just one of the indictment's fourteen counts. Ultimately, weighing these factors, as well as "the nature of the offense," Cancel-Zapata's "key role," and the extensive monetary losses involved, the district court settled on a sentence of one year and one day.

In light of the district court's express consideration of the mitigating factors Cancel-Zapata has identified, his claim of substantive unreasonableness amounts to little more than an effort to "substitute his judgment for that of the sentencing court." United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011). Such second guessing is well beyond the pale of our reasonableness review. See Ruiz-Huertas, 792 F.3d at 228. While Cancel-Zapata may wish the district court had accorded more weight to the mitigating factors and reduced his sentence even further below the mandatory minimum, he has failed to demonstrate that his sentence is anything but reasonable. See Clogston, 662 F.3d at 593 ("That the sentencing court chose not to attach to certain of the mitigating factors the significance that the appellant thinks they deserved does not make the sentence unreasonable.").

### III. Conclusion

Having indulged the assumptions (but not having decided) that we have jurisdiction to hear the case and that the appellate

waiver does not apply, we find that Cancel-Zapata's sentence is substantively reasonable.  We thus AFFIRM.