**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-1371

UNITED STATES OF AMERICA,

Appellee,

v.

NICHOLSON SILVA-HERNANDEZ,
a/k/a Nico, a/k/a Niko,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before
Howard, Chief Judge,
Selya and Stahl, Circuit Judges.

Luis A. Guzmán Dupont on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.

May 3, 2017

**STAHL**, **Circuit Judge**.     Nicholson Silva-Hernandez ("Silva") pled guilty to one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846.  Silva now challenges his forty-six-month sentence on the grounds that it was procedurally and substantively unreasonable.  We disagree, and affirm the imposed sentence.

## I. Facts & Background[1]

On August 19, 2014, a federal grand jury in Puerto Rico indicted Silva for conspiracy to distribute controlled substances. The underlying conduct involved his work as a runner for a drug organization that distributed methamphetamine, a Schedule II controlled substance, and Gamma-butyrolactone, a Schedule I controlled substance.  Specifically, the indictment charged Silva with distributing at least 50, but less than 150, grams of methamphetamine for the drug organization.  Silva entered a straight guilty plea to the conspiracy count.

In the presentence report ("PSR"), the probation officer calculated, per the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), Silva's base offense level to be thirty because his offense involved a quantity of methamphetamine between 50 and 150 grams.  See U.S.S.G. § 2D1.1(c)(5).  However,

_____

[1] As this appeal follows a guilty plea, we recount the facts as established by the presentence report and the sentencing transcript.  See United States v. King, 741 F.3d 305, 306 (1st Cir. 2014).

the PSR also recommended that the district court apply a three-level reduction based on Silva's acceptance of responsibility. See id. § 3E1.1. When accompanied by a criminal history category of I, the PSR endorsed a Guidelines sentencing range of 70 to 87 months' imprisonment. Meanwhile, Silva also requested a two-level reduction under the Guidelines' so-called "safety valve" provision, id. § 5C1.2, a request to which the government agreed. This further reduction yielded a base offense level of twenty-five and a corresponding Guidelines sentencing range of 57 to 71 months' imprisonment.

At sentencing, the district court indicated that it had "considered the other sentencing factors as set forth in 18 U.S.C. [§] 3553(a)" and determined that a further two-level reduction in Silva's base offense level was warranted. The district court concluded that Silva merited this reduction based on several factors, including his full-time enrollment at the University of Puerto Rico, his employment at a local restaurant, his history of mental health issues, substance abuse, and treatment, his cooperation with the authorities, and his status as a first-time offender. The district court ultimately sentenced Silva to forty-six months' imprisonment and five years of supervised release.

Silva did not object to the sentence at that time, but filed a timely appeal to this court.

## II. Discussion

We review preserved claims of procedural error under "the deferential abuse of discretion standard," United States v. Pantojas-Cruz, 800 F.3d 54, 58 (1st Cir. 2015), and claims not raised below for plain error, United States v. Aguasvivas-Castillo, 668 F.3d 7, 13-14 (1st Cir. 2012). However, it remains "murky" whether the same rubric applies to claims that a sentence is substantively unreasonable. United States v. Pérez, 819 F.3d 541, 547 (1st Cir. 2016) (noting it is unclear whether unpreserved claims that a sentence is unreasonable merit abuse of discretion review). Regardless, with whatever standards of review we employ here, the results are the same: both of Silva's challenges fail.

### A. Procedural Reasonableness

To start, Silva argues that his sentence was procedurally unsound. Procedural error in sentencing decisions generally includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." United States v. Politano, 522 F.3d 69, 72 (1st Cir. 2008) (alteration in original) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

Here, Silva concedes that the district court appropriately calculated the pertinent sentencing range (indeed,

the district court varied downward from the original base offense level called for by the Guidelines, a base offense level that the parties agreed was appropriate at the time).  Rather, he maintains that the district court "did not adequately explain the rationale for the sentence."  This argument is meritless.[2]  The district court "state[d] in open court the reasons for its imposition of [the] particular sentence," United States v. Rivera-Gonzalez, 626 F.3d 639, 646 (1st Cir. 2010) (quoting 18 U.S.C. § 3553(c)), and in doing so emphasized that it had "taken into consideration all of the factors in [18] U.S.C. [§] 3553, the elements of the offense, and the need to promote respect for the law and protect the public from further crimes of the defendant, as well as address the issue of deterrence and punishment."  This type of analysis is precisely what a sentencing judge is instructed by statute to do, and a sentencing court is under no obligation, contrary to Silva's arguments, to explain why it did not decide to impose an even lower downward sentence.  See Ruiz-Huertas, 792 F.3d at 228 (noting that although a sentencing court typically "ha[s] a duty . . . to [adequately] explain its choice of a particular sentence, it has

_____

[2] We note that Silva did not object to the sentence at the time, and normally our review would be for plain error only. However, even giving Silva the benefit of the doubt, the district court did not abuse its discretion because it adequately explained the basis for its sentence, accurately calculated the appropriate Guideline sentence, and considered the pertinent § 3553(a) factors.

'no corollary duty to explain why it eschewed other suggested sentences'" (quoting United States v. Vega-Salgado, 769 F.3d 100, 104 (1st Cir. 2014))).

We therefore discern no procedural error on the part of the sentencing court in this instance.

### B. Substantive Reasonableness

Silva next asserts that his forty-six-month sentence is substantively unreasonable. Specifically, Silva points to several mitigating factors that he believes the district court failed to fully appreciate during the sentencing process, including his young age, his troubled upbringing, his struggles with anxiety, his remorse for his crime, his potential for rehabilitation, his low risk of recidivism, and his status as his ill father's caregiver. We disagree.

"A sentence is substantively reasonable so long as it rests on a 'plausible sentencing rationale' and embodies a 'defensible result.'" Ruiz-Huertas, 792 F.3d at 228 (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). Our review is limited to "whether the sentence, in light of the totality of the circumstances, resides within the expansive universe of reasonable sentences." King, 741 F.3d at 308. To that end, "[c]hallenging a sentence as substantively unreasonable is a burdensome task in any case, and one that is even more burdensome where, as here, the challenged sentence is within a

properly calculated [Guidelines sentencing range]."[3] United States v. Clogston, 662 F.3d 588, 592-93 (1st Cir. 2011).

Here, the district court gave a plausible rationale for Silva's sentence, and the end result was entirely defensible. Silva glosses over the district court's express statement at the sentencing hearing that it had "consider[ed] the facts of this case" as well as "the defendant's characteristics" before "vary[ing downward] from the [G]uidelines two levels." This statement is in addition to others where the district court discussed, among other things, Silva's age, educational background, work experience, history of mental health issues and substance abuse, lack of any prior convictions or arrests, and compliance with the conditions of his supervised release. As we have indicated before, "[t]hat the sentencing court chose not to attach to certain of the mitigating factors the significance that the appellant thinks they deserved does not make the sentence unreasonable." Id. at 593. Instead, "[t]he significance given to each relevant factor is for the district court, not an appellate

---

[3] It is inconsequential whether we term Silva's sentence as being within a properly calculated Guidelines sentencing range or, because the district court varied Silva's base offense level downward, a "substantial downward variance" from such a range. See United States v. Floyd, 740 F.3d 22, 39-40 (1st Cir. 2014) (noting that when "a district court essays a substantial downward variance from a properly calculated guideline sentencing range, a defendant's claim of substantive unreasonableness will generally fail"). In either event, we conclude the sentence remains substantively reasonable.

court, to decide." United States v. Joubert, 778 F.3d 247, 256 (1st Cir. 2015). Accordingly, Silva's sentence "resides within the expansive universe of reasonable sentences." United States v. Pedroza-Orengo, 817 F.3d 829, 837 (1st Cir. 2016) (quoting King, 741 F.3d at 308).

### III. Conclusion

For the foregoing reasons, Silva's sentence is **AFFIRMED**.