# United States Court of Appeals
## For the First Circuit

No. 16-1205

UNITED STATES OF AMERICA,

Appellee,

v.

HECTOR LUIS TORRES-FIGUEROA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Barron, Selya, and Stahl,
Circuit Judges.

Jonathan G. Mermin and Preti, Flaherty, Beliveau & Pachios, LLP on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Julia M. Meconiates, Assistant United States Attorney, on brief for appellee.

June 23, 2017

**BARRON**, **Circuit Judge**.  Hector Luis Torres-Figueroa ("Torres") challenges his sentence of 60 months' imprisonment.  We affirm.

## I.

On September 10, 2015, Torres was indicted on four counts in the United States District Court for the District of Puerto Rico: first, possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); second, possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); third, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and fourth, possession of a machine gun in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(ii).  On September 24, 2015, Torres was convicted by a jury of the first and second counts and acquitted of the third and fourth counts.

The amended pre-sentence investigation report ("PSR") that the Probation Office prepared calculated Torres's base offense level by first grouping Count 1 and Count 2 into a single Count Group, pursuant to United States Sentencing Guidelines § 3D1.1(a).  The PSR then determined that the applicable base offense level for that Count Group was 12, under U.S.S.G. § 2D1.1(c)(14), in consequence of the quantity of drugs involved. And, the PSR determined that Torres's criminal history category

was II. The PSR then identified the sentencing range under the guidelines for Torres as 12-18 months' imprisonment.

Before sentencing, the government submitted a sentencing memorandum recommending that a two-level enhancement be imposed under U.S.S.G. § 2D1.1(b), which applies when the defendant possessed a firearm during the drug trafficking offense. That enhancement, combined with Torres's criminal history category, would yield a sentencing range under the sentencing guidelines of 18-24 months' imprisonment. The government, however, recommended that the District Court impose a sentence of 120 months' imprisonment. The government based that recommendation on, among other things, Torres's extensive drug-related criminal history and the fact that the gun that was allegedly in Torres's possession while he was engaged in drug trafficking was a fully automatic rifle with an obliterated serial number.

At sentencing, the District Court applied a base offense level under the sentencfng guidelines of 12. The District Court did so because the District Court determined that Torres's drug trafficking involved less than 50 grams of cocaine. U.S.S.G. § 2D1.1(a)(5). The District Court noted that Torres did not object to the imposition of the two-level firearms enhancement, but that the District Court was not going to impose the enhancement because "I should not give him the two points and double count if you will." Instead, the District Court made a guidelines calculation

- 3 -

that, in accordance with the PSR, yielded a recommended sentencing range of 12-18 months' imprisonment, and then imposed a variant sentence of 60 months' imprisonment. The District Court did so on the basis of the testimony of law enforcement officers at trial indicating that Torres "[had] been involved in drugs for a long, long time," and that he possessed, while committing the offenses for which he was convicted, a fully automatic rifle with the obliterated serial number, along with six magazines and over one hundred rounds of ammunition, notwithstanding that he was acquitted on the firearms counts. The District Court explained that it based 42 months of the 60 months of imprisonment on Torres's firearms-related conduct.

## II.

Torres contends that the District Court erred by imposing a 42-month variance over and above the top of the 12-18 months sentencing range set forth in the sentencing guidelines. Torres argues that, under the guidelines, the firearms-related conduct should have resulted only in the application of the two-level enhancement to his base offense level, and thus should have resulted in a sentencing range under the sentencing guidelines of only 18-24 months' imprisonment. And Torres further contends that the District Court made clear that it could not impose both the enhancement and the variant sentence without "double counting." Thus, Torres argues that, "if the [District Court] had given the

- 4 -

two-level [enhancement] -- as it was required to do -- it would not have imposed a variance on top of the resulting 18-to-24 month range."

Torres concedes that he did not make this objection below.  And, in fact, he specifically advised the District Court that it was not required to apply the two-level firearms enhancement, even if the evidence sufficed to support the enhancement's application.  For that reason, the government argues that Torres has waived his right to contend now, in the course of challenging the variant sentence, that the District Court was required to apply the enhancement.

Without deciding whether Torres has waived this argument, we conclude that Torres's contention fails under the plain error standard of review, which Torres asks us to apply. See United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015), cert. denied, 136 S. Ct. 258 (2015) ("[W]here a party fails to preserve claims of error in the court below . . . review is for plain error.").  "To prevail under this daunting standard, the defendant must establish (1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id. (alteration in original) (citation omitted).  Torres cannot meet that standard.

A district court may vary a sentence on the basis of conduct that is in part accounted for by an enhancement in the sentencing guidelines so long as the district court "articulate[s] specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation." United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006). And here, the District Court explained that Torres's situation was different in important ways from the ordinary situation covered by the enhancement, because of Torres's criminal history, the fully automatic nature of the weapon, the weapon's obliterated serial number, and the large quantity of ammunition. Moreover, Torres cites no authority to support the proposition that a district court must impose an enhancement in order to impose a variant sentence on the basis of conduct that would not only justify the enhancement, but would also justify a sentence greater than the guidelines range under the enhancement. Given that the record indicates that the District Court declined to apply the enhancement here in order to avoid double counting that portion of the conduct that was not different from the ordinary situation covered by the enhancement, we see no clear or obvious error in the District Court's deciding not to apply the enhancement and to impose a variant sentence of the length it selected.

## III.

The sentence is **<u>affirmed</u>**.