# United States Court of Appeals
## For the First Circuit

No. 16-2263

UNITED STATES OF AMERICA,

Appellee,

v.

JAREL MICHAEL LAWSON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Boudin and Barron, Circuit Judges.

Michael C. Bourbeau on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

June 4, 2018

**BOUDIN**, **Circuit Judge**.  Jarel Michael Lawson appeals from a judgment whose sentence includes a fifteen-year term of supervised release.  Prior to sentencing Lawson pled guilty to a violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a).  The background events are as follows.

In October of 2009, Lawson pled guilty to third degree child rape in Mason County Superior Court, Shelton, Washington.  Lawson was sentenced to thirty months of incarceration, with credit for time served, followed by thirty-six months of community custody.  Lawson completed the prison sentence in September 2011, and as required by his community custody conditions, registered as a sex offender.  He stopped reporting to his registering officer in September 2013, and local authorities issued a warrant for his arrest in March 2014.

Thereafter, sometime before early 2015, Lawson moved to Puerto Rico and did not comply with SORNA's requirement that he register when he "travels in interstate . . . commerce." 18 U.S.C. § 2250(a)(2)(B).  He was arrested in June 2015 and in November pled guilty to having violated SORNA.  The district court ultimately imposed a twenty-four-month sentence and a fifteen-year term of supervised release.  On appeal, Lawson challenges his supervised release term.

A federal statute requires for Lawson a supervised release "term of years not less than 5, or life." 18 U.S.C. § 3583(k). The Sentencing Guidelines provide a recommended term of supervised release of five years for the SORNA violation. U.S.S.G. § 5D1.2(c). Lawson's main attack on the fifteen-year term the judge imposed has two branches: He argues that the court failed to explain its reasons for the lengthy term and, further, that the term is unreasonably long. Having failed to raise these objections at the time of the sentence, Lawson has to show plain error, meaning he must show: "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015) (alteration in original) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)).

"Where an explanation for a sentence is lacking, 'a court's reasoning can often be inferred by comparing what was argued by the parties or contained in the [PSI] report with what the judge did.'" Id. at 227 (alteration in original) (quoting United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc)). In his sentencing memorandum, Lawson wrote that he expected that "a supervised release term of at least five years will be imposed," and he also lauded "conditions of supervised

- 3 -

release that include mental health evaluations and treatment under the penalty of revocation and further incarceration" as "a blessing in disguise since [he] may finally receive the help he needs . . . ."

For its part, the government expressly requested a fifteen-year term, citing Lawson's lengthy criminal history (noting that at age thirty-two, Lawson had a Criminal History Category of VI) and repeated violations of conditions of supervised release. Lawson had been convicted of child rape of a fifteen-year-old girl, which was procured in part by a deception as to his age that could easily be repeated. In October 2006, Lawson, then twenty-two, had sexual relations with and made pregnant the fifteen-year-old girl. Lawson had assured her and her mother that he was only seventeen. Lawson has also been convicted several times of violent assault.

Finally, by absconding from community custody in Washington state and failing to register under SORNA upon arriving in Puerto Rico, Lawson has shown a regular and repeated indifference to legal constraints. Absent continued close supervision over an extended period there is a good chance that he will continue to offend. The idea that Lawson did not know why he was given a long term of supervised release is silly.

As for the "substantive reasonableness" of the term, the phrase is used in no technical or esoteric sense but calls only

for a sentence that "rests on a 'plausible sentencing rationale' and embodies a 'defensible result.'"  Ruiz-Huertas, 792 F.3d at 228 (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)).  Lawson's criminal history and inability to learn from his mistakes made a long term almost a necessity.  The government sought fifteen years; Lawson did not request a particular term of supervised release.  The rationale for adopting the government's suggestion was obvious and the result easily defended.

Lawson's final claim appears at the end of his brief so hesitantly presented that it could easily have been overlooked. Lawson says that the supervised release term may be infected by the same error--indeed, plain error--that led this court to overturn a supervised release term in United States v. Medina, 779 F.3d 55 (1st Cir. 2015).  There, the Medina court remanded for further proceedings because the district court had believed that section 2250(a) constituted a "sex offense" for which the guidelines recommended a supervised release term of five years to life; if failure to report were not a sex offense, the recommended term is only the statutory minimum of five years.  Id. at 59-60.

In our own case, the district court stated that the guideline range for Lawson's term of supervised release was "not less than five . . . years to life."  The court did not say whether or not it regarded Lawson's violation as a sex offense, so no one

on appeal can be sure whether the district judge took one view, the opposite, or never focused on the question at all.

Nevertheless, Lawson has invoked Medina and Medina does hold that the recommended term under the guidelines is a five-year term of supervised release and not more. Under Medina, misclassification of the SORNA offense as a sex offense, which correlates with a higher recommended supervised release term, constitutes plain error where a term longer than five years is imposed. Id.

The guideline is merely a recommendation and the judge is free to "vary" upward or downward, but a variance--unlike reasonableness--has a technical meaning and technical requirements. In general, the judge is expected to explain why the defendant or the circumstances of the offense differ significantly from the typical or average at which the guideline is aimed; unless that finding is made or is so obvious as not to need articulation, a variance is not permitted. See United States v. Del Valle-Rodriguez, 761 F.3d 171, 176 (1st Cir. 2014). Perhaps this finding could be made and supported here, but it has not yet been done and a remand is therefore required.

Reasonableness is not a substitute for such a specialized determination. A sentence could in principle satisfy the reasonableness test but not justify a variance; it could justify a variance in the atypical case but still be unreasonably

long or short.  The constraints have different objectives and must be independently satisfied although some of the same facts may feed into both evaluations.  The next step is up to the district judge.

Accordingly, we vacate the present supervised release term and remand for the district court to decide what term to impose and, if over five years, to explain the upward variance.

It is so **ordered**.