# United States Court of Appeals
## For the First Circuit

No. 17-1549

UNITED STATES OF AMERICA,

Appellee,

v.

ANGEL MORALES-DE JESUS,
a/k/a Maca, a/k/a Macarron, a/k/a El Gordo, a/k/a David Morales,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Thompson, Circuit Judges.

John E. Mudd and Law Offices of John E. Mudd, by appointment of the court, on brief for appellant.
B. Kathryn Debrason, Assistant United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

July 18, 2018

**LYNCH**, **Circuit Judge**.   This is a sentencing appeal. Angel Morales-De Jesus ("Morales") pleaded guilty to leading a large drug distribution conspiracy in Puerto Rico housing projects over a five-year period and to the use and carrying of a firearm in connection with that drug offense.   His plea agreement calculated an offense level of 31 for the conspiracy charge and recommended a total sentence of 180 months' imprisonment.

The calculations in the presentence report (PSR) and the later addendum to the PSR were far less generous to Morales in the offense level and recommendations.   The first PSR also recounted that the estimated gross drug proceeds were just under $5 million. At sentencing, the district court calculated a higher offense level than the plea agreement: 33, and imposed a longer total sentence: 228 months' imprisonment.

On appeal, Morales challenges first the district court's application of a four-level leadership enhancement under U.S.S.G. § 3B1.1(a) and second the sentence's substantive reasonableness. There was no error at all on either assertion and so we affirm.

I.

From at least 2010 until 2015, Morales led a drug trafficking organization.   His organization distributed crack cocaine, cocaine, marijuana, and other controlled substances in public housing projects in Patillas, Puerto Rico.   Morales was arrested on April 22, 2015.

In September 2016, Morales entered into a plea agreement. He pleaded guilty to possession of, among other things, between five and fifteen kilograms of cocaine with intent to distribute it, and to using or carrying a firearm in relation to that drug offense. The parties agreed to recommend that Morales receive a two-level leadership enhancement for the conspiracy charge,[1] putting his offense level at thirty-one. The parties also agreed to recommend the applicable mandatory minimum sentences: 120 months for the conspiracy charge and 60 months for the firearm charge, to be served consecutively, for a total of 180 months' imprisonment. At the close of Morales's change of plea hearing, the magistrate judge recommended that the district court accept the guilty plea.

Two months later, a probation officer prepared Morales's PSR. That report listed twenty-eight co-defendants alongside Morales. Unlike the plea agreement, the PSR recommended a four-level leadership enhancement -- bringing Morales's offense level to 33 -- based on his actions as "the main leader of the drug trafficking organization, which involved five or more participants." See U.S.S.G. § 3B1.1(a). The PSR listed 28 co-conspirators in addition to Morales by name and position.

---

[1] The firearm charge is precluded from guideline application under U.S.S.G. § 2K2.4(b). That provision also provides that the guideline sentence is the applicable mandatory minimum.

- 3 -

Morales's criminal history category at that time was III, but that did not include a state offense described below.

In February 2017, before federal sentencing, Morales pleaded guilty to Puerto Rico offenses unrelated to the federal offenses. The state plea agreement exposed Morales to thirteen years' state imprisonment. In light of this development, the probation office filed an addendum to the original PSR. This addendum noted that "[Morales's] criminal history category substantially under-represents the seriousness of the [sic] his criminal history or the likelihood that he will commit other crimes." It observed that the inadequacy of Morales's criminal history category might warrant an upward departure.

The district court sentenced Morales in May 2017. It applied the four-level leadership enhancement, closely tracking language from the PSR:

> Defendant acted as the main leader of the drug trafficking organization which involved five or more participants, and he had supervisory authority over the affairs of the drug trafficking organization, therefore, a four-level increase is applied under Guideline Section 3B1.1(a).

Like the original PSR, the district court calculated an offense level of 33, putting Morales's guidelines range for the conspiracy charge at 168 to 210 months' imprisonment based on his criminal history category of III. See U.S.S.G. ch. 5, pt. A (sentencing table). The district court imposed a sentence at the bottom of

this new range: 168 months.  Morales's firearm charge yielded a 60-month sentence, to be served consecutively with his conspiracy sentence, for a total of 228 months' imprisonment.[2]

## II.

### A.

Morales first objects to the leadership enhancement under U.S.S.G. § 3B1.1(a).  Because he raised no such objection to the district court, as he concedes, we review for plain error. United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015). On plain error review, Morales must establish that there was (1) an error that was (2) clear or obvious and that not only (3) affected his substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings. Id.

Morales argues that the district court erroneously applied a four-level leadership enhancement, because, in his words, "the indictment does not establish the four or more participants" (in addition to Morales) required for a four-level enhancement under U.S.S.G. § 3B1.1(a).  Morales does not dispute his leadership of the organization; he challenges only the number of participants.

---

[2]    The district court also imposed 10 years' supervised release for the conspiracy count and 5 years' supervised release for the firearm count, to be served concurrently.  Morales does not challenge his supervised release terms.

- 5 -

This argument is meritless. The district court in sentencing referred to "the serious nature of the offense" and "[Morales's] role as <u>principal</u> leader of the drug trafficking organization." Morales has not provided us with a copy of his indictment and has not challenged the government's assertion that the indictment listed all 28 of his co-defendants. A "district court has the ultimate responsibility to ensure that the Guidelines range it considers is correct." <u>Rosales-Mireles</u> v. <u>United States</u>, 138 S. Ct. 1897, 1904 (2018). Here, the district court had ample support for its conclusion that Morales led a "drug trafficking organization which involved five or more participants." First, the PSR listed twenty-eight co-conspirators in addition to Morales. And second, by the time she sentenced Morales, the district judge had already sentenced fourteen of Morales's co-conspirators. Morales has advanced no argument to explain why he was a leader of fewer than four of those co-conspirators.

A district court need not make specific findings justifying its application of a role-in-the-offense enhancement if "the record clearly reflects the basis of the court's determination." <u>United States</u> v. <u>Marrero-Ortiz</u>, 160 F.3d 768, 779 (1st Cir. 1998). Here, as in <u>Chavez-Meza</u> v. <u>United States</u>, "there was not much else for the judge to say." 138 S. Ct. 1959, 1967 (2018). There was no error at all in assigning Morales a four-level leadership enhancement.

To the extent Morales now disputes the list of twenty-eight co-conspirators in his PSR, that argument is waived. Puerto Rico Local Rule 132(b)(3)(A) requires that any objection to a PSR be made within fourteen days of that report's disclosure. Morales raised no such objection. Cf. United States v. Turbides-Leonardo, 468 F.3d 34, 37-38 (1st Cir. 2006).

Morales's procedural challenge fails.

B.

Morales next argues that his 228-month federal sentence is substantively unreasonable. In particular, he argues that this sentence is unreasonable in light of the further 13 years he will likely spend in state prison on the state charges. The government concedes that Morales preserved this challenge by requesting reconsideration after the district court pronounced the sentence. The district court denied reconsideration. We review for abuse of discretion. United States v. Cortés-Medina, 819 F.3d 566, 569 (1st Cir. 2016).

To undercut the substantive reasonableness of a within-guidelines sentence like Morales's, a defendant must furnish "powerful mitigating reasons and persuade us that the district judge was unreasonable in balancing pros and cons despite the latitude implicit in saying that a sentence must be 'reasonable.'" United States v. Navedo-Concepción, 450 F.3d 54, 59 (1st Cir. 2006).

- 7 -

Morales offers no reasons, whether powerful or not, for us to find his sentence unreasonable. He relies merely on conclusory statements "unaccompanied by some effort at developed argumentation." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Because Morales has not met his obligation "to spell out [his] arguments squarely and distinctly," id. (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988)), they are waived.

In any event, the district court did not abuse its discretion. It found the 228-month sentence justified by "the serious nature of the offense, [Morales's] role as principal leader of the drug trafficking organization, personal characteristics and prior criminal record." It considered mitigating factors like Morales's limited education and the fact that he has a young child. Morales was in fact sentenced at the bottom of his guidelines range. The court considered and rejected defense counsel's request for reconsideration in light of Morales's likely 13-year state sentence.

Sentencing represents a "'judgment call' involving an intricate array of factors." United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013) (quoting United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)). The district court weighed those factors, providing a "plausible sentencing rationale and a

defensible result." <u>Martin</u>, 520 F.3d at 96.  As such, Morales's 228-month sentence is substantively reasonable.

III.

The district court committed no error, plain or otherwise.  Morales's sentence stands.  <u>Affirmed</u>.