# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40392

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

LORENZO GUZMAN,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
No. 7:11-CR-01747-1

Before WIENER, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

      This is an appeal of the district court's imposition of a four-level "another felony offense" enhancement under U.S.S.G. § 2K2.1(b)(6) in combination with enhancements for trafficking in firearms under § 2K2.1(b)(5) and for the number of firearms involved under § 2K2.1(b)(1)(B). Because we conclude that the district court reversibly erred by applying the § 2K2.1(b)(6) enhancement

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40392

for "another felony offense" of exporting firearms without a license, we VACATE and REMAND for resentencing.

FACTS AND PROCEDURAL HISTORY

Lorenzo Guzman pleaded guilty pursuant to a written plea agreement to one count of being a felon in possession of a firearm and one count of making false statements or representations to a federally licensed firearms dealer in the acquisition of firearms. Under the 2010 Guidelines, the presentence report (PSR) included the following enhancements relevant to this appeal: (1) A four-level increase under § 2K2.1(b)(1)(B) because the offense involved between eight and twenty-four firearms; (2) a four-level increase under § 2K2.1(b)(5) for the trafficking in firearms; and (3) a four-level increase under § 2K2.1(b)(6) because the firearm offense was committed in connection with another felony offense, i.e., the exportation of arms without the required validated export license. In support of the § 2K2.1(b)(5) and § 2K2.1(b)(6) enhancements, the PSR relied on essentially the same factual allegations — that "Guzman had the responsibility of delivering the straw purchased firearms to an unindicted co-conspirator, who would smuggle them to Mexico."

Guzman filed written objections to the PSR's application of the four-level increase pursuant to § 2K2.1(b)(6), arguing that the "exportation of arms without [the] required validated export license offense cannot constitute 'another felony offense' for purposes of the § 2K2.1(b)(6) enhancement." In the alternative, Guzman argued that the assessment of four-level increases under both § 2K2.1(b)(5) and § 2K2.1(b)(6) essentially punished him twice for the same conduct and resulted in an improper increase in the offense level. Accordingly, Guzman requested a downward departure of his offense level.

At sentencing, Guzman renewed his objection to the four-level increase under § 2K2.1(b)(6), specifically asserting that he was objecting to "the four-level increase assessed with respect to trafficking [under § 2K2.1(b)(5)] as well

2

as the four level increase assessed with respect to another felony offense [under § 2K2.1(b)(6)]." Relying on *United States v. Juarez*, 626 F.3d 246 (5th Cir. 2010), the district court held that the increase was proper. The district court specifically addressed § 2K2.1(b)(6)'s definition of "another felony offense," reading aloud Application Note 14(C), which states "another felony offense" means: "[A]ny federal, state, or local offense, other than *the* explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether criminal charge was brought, or a conviction obtained." § 2K2.1(b)(6) cmt. n.14(C) (2010) (emphasis added). The focus of the discussion was on the word "the," which the court took to mean, under *Juarez,* that the definition of "another felony offense" under Note 14(C) only excluded the use of a trafficking offense as the basis for the § 2K2.1(b)(6) enhancement when the trafficking offense was also the offense of conviction. The district court also read aloud from Application Note 13(D). The Government then reiterated that because of the definitional change in Note 14(C) to add the word "the," the Guidelines only meant to exclude trafficking offenses from serving as the basis of the § 2K2.1(b)(6) enhancement when that trafficking offense was the substantive offense of conviction. The sentencing court concluded that, because Guzman's substantive crimes were possession of a firearm and making a false statement, the four-level enhancement under § 2K2.1(b)(6) based on the offense of illegal exportation of a firearm was proper. Thus, the district court assessed the enhancements under §§ 2K2.1(b)(1)(B), 2K2.1(b)(5), and 2K2.1(b)(6), which resulted in a Guidelines range of 87 to 108 months of imprisonment, and sentenced Guzman to 87 months of imprisonment and two years of supervised release. Subsequently, Guzman filed this appeal.

DISCUSSION

The parties dispute the appropriate standard of review. The Government maintains that Guzman failed to preserve the specific issue now raised on appeal and asks this court to apply plain-error review. Guzman counters that his objections in the district court were sufficient to preserve the issue. He contends that, while the specific argument made on appeal was not presented to the district court, his argument regarding "double counting" prompted the district court to examine the relevant Application Notes in the Sentencing Guidelines. Thus, he asserts that the district court was aware of the issue and could have corrected itself. Accordingly, Guzman asks this court to apply de novo review.

Generally, this court reviews a district court's application of the Sentencing Guidelines de novo. *United States v. Garcia-Perez*, 779 F.3d 278, 281 (5th Cir. 2015). However, when a defendant fails to properly preserve a claim for appeal, this court reviews the issue for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). This court has said that, "[t]o preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal,* 578 F.3d 270, 272 (5th Cir. 2009). Further, "an argument is preserved when the basis for objection below gave the district court the opportunity to address the gravamen of the argument presented on appeal." *Garcia-Perez*, 779 F.3d at 281-82 (internal marks omitted).

We conclude that Guzman's objection fulfilled this stated purpose. Further, at sentencing, the district court considered Guzman's argument in detail, looking specifically at the interaction between § 2K2.1(b)(5) and (b)(6) in light of Application Notes 13(D) and 14(C). Thus, as the district court had the opportunity to address the "gravamen of the argument presented on

appeal" – and did so, Guzman's claim of error regarding the district court's application of the enhancement under § 2K2.1(b)(6) is preserved and de novo review applies.  *See Garcia-Perez*, 779 F.3d at 281-282.

*The § 2K2.1(b)(6) enhancement*

Guzman asserts that the district court erred because the plain language of Application Note 13(D) in the commentary to § 2K2.1(b) governs how the firearms trafficking enhancement under § 2K2.1(b)(5) interacts with the "another felony offense" enhancement under § 2K2.1(b)(6).  Specifically, Guzman asserts that Application Note 13(D) categorically precludes the application of the four-level enhancement under § 2K2.1(b)(6) when that enhancement is based on a trafficking offense, and is combined with the firearms trafficking enhancement under §§ 2K2.1(b)(1)(B) and (b)(5).  The Government, relying on *Juarez*, contends that the definition of "another felony offense" in Application Note 14(C) is controlling and that the district court properly applied the § 2K2.1(b)(6) enhancement.

Application Note 14 only addresses situations involving § 2K2.1(b)(6) and § 2K2.1(c)(1).  Further, Note 14(C) is limited to an enhancement under subsection (b)(6).[1]  However, also involved here is subsection (b)(5), so Note 14(C) does not apply.  Instead, we look to the relevant version of Application Note 13(D), which addresses the "Application of Subsection (b)(5)," and provides the following:

> (D)  Interaction with Other Subsections.—In a case in which three or more firearms were both possessed and trafficked, apply both subsections (b)(1) and (b)(5).  If the defendant used or

---

[1] "Another felony offense", for purposes of subsection (b)(6), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought or a conviction obtained.

U.S.S.G. § 2K2.1 cmt. n. 14(C) (2010).

transferred one of such firearms in connection with another felony offense (*i.e., an offense other than a firearms possession or trafficking offense*) an enhancement under subsection (b)(6) also would apply.

U.S.S.G. § 2K2.1, cmt. n.13(D) (2010) (emphasis added).  As Guzman contends, Application Note 13(D) specifically excludes all firearms possession or trafficking offenses in the application of the "another felony offense" enhancement under § 2K2.1(b)(6), when combined with an enhancement under § 2K2.1(b)(5).

While both the district court and the Government relied on *Juarez*, we conclude that it is not controlling here.  In *Juarez*, the defendant, like Guzman, was convicted of making a false statement to a federally licensed firearms dealer while she was acting as a straw purchaser for a man she only knew as "El Mano."  626 F.3d at 249.  The district court applied the § 2K2.1(b)(5) and § 2K2.1(b)(6) enhancements based on its assessment that "anyone who opens their eyes" would know that the guns in question "are being taken into Mexico to be used for unlawful purposes," including the unlawful transporting of the guns into Mexico.  *Id.* at 250-51.  On appeal, Juarez challenged the enhancements applied under § 2K2.1(b)(5) and (b)(6).  *Id.* at 248, 251-53.  However, this court concluded that Juarez did not present this argument to the district court and thus reviewed only for plain error.  We further concluded that the district court did not clearly err by inferring that, based on "[t]he number of weapons, their type, and the circumstances surrounding Juarez's relationship with 'El Mano,'" Juarez "knew or had reason to believe that she was transferring firearms to an individual who intended to use or dispose of them in an unlawful manner."  *Id.* at 252.

With respect to her challenge to the § 2K2.1(b)(6) enhancement, Juarez argued that "the illegal smuggling of firearms into Mexico cannot constitute

'another felony offense' under § 2K2.1(b)(6)." *Id.* at 253.  However, unlike Guzman, Juarez pointed to the definition of "another felony offense" in Application Note 14(C), rather than Application Note 13(D), to press her case. *See id.* at 253-55.  This court acknowledged that several sister circuits had taken the position that Juarez advanced on appeal, but then noted that a 2006 amendment to the Guidelines had replaced the definition of "another felony offense" relied upon by the sister circuits.  *Id.* at 254.  The previous version provided, in relevant part, that "'another felony offense' . . . refer[s] to offenses other than explosives or firearms possession or trafficking offenses."  *Id.* (citing § 2K2.1 cmt. n.15 (2005)).  By contrast, the amended version of the commentary, again in relevant part, defines "another felony offense" as "any federal, state, or local offense, other than *the* explosive or firearms possession or trafficking offense."  *Id.* at 254-55 (emphasis added) (citing § 2K2.1 cmt. n.14(C) (2008)).  Thus, this court concluded that, by adding the word "the," the Sentencing Commission no longer intends to exclude *all* explosive or firearms possession or trafficking offenses from the definition of "another felony offense" under § 2K2.1(b)(6).  It now intends to exclude only the possession or trafficking offense that serves as the defendant's crime of conviction.  *Id.* at 255.  Because Juarez's crime of conviction was the making of a false statement to a federal licensed firearms dealer, it was separate and distinct from the crime used to support the application of the § 2K2.1(b)(6) enhancement— namely, the illegal transportation of firearms into Mexico.  This court thus concluded that the use of the trafficking offense as the basis of the § 2K.1(b)(6) enhancement was proper.  *Id.*

Guzman apparently concedes that, at first blush, *Juarez* would seem to defeat his argument that the district court misapplied the § 2K2.1(b)(6) enhancement based on the "another felony offense" of illegal exportation of firearms.  However, he maintains that *Juarez* is not controlling because:

7

the parties did not raise, and the Court did not purport to decide, the issue raised [in the instant appeal] — i.e., whether, in view of the plain language of the application note 13(D), it was erroneous to apply enhancements under §§ 2K2.1(b)(1)(B) and (b)(5) in combination with a four-level "in connection with another felony offense" enhancement under subsection (b)(6), with the "another felony offense" being the exporting of a firearm without a license.

Instead, Guzman contends, *Juarez* supports his position. He notes that, unlike the definition now found in Application Note 14(C), the definition in Application Note 13(D) was not amended to include the word "the," but instead was left with the word "a." He argues that this evinces the Sentencing Commission's intent to exclude from the definition of "another felony offense" all firearms possession or trafficking offenses in situations addressed by Application Note 13(D).

We agree that *Juarez* did not decide the issue before us. We are not deciding whether illegal smuggling of firearms constitutes another felony offense under § 2K2.1(b)(6), as we were in *Juarez*. Rather, we must decide today whether Note 13(D) expressly prohibits the application of a § 2K2.1(b)(5) trafficking enhancement in combination with a § 2K2.1(b)(6) "another felony offense" enhancement, when both of those enhancements are based on the same trafficking offense. Further, at least one sister circuit has addressed this issue and concluded that Note 13(D) does indeed expressly prohibit such "double counting." *See United States v. Johns*, 732 F.3d 736, 737-40 (7th Cir. 2013).

Finally, Guzman asserts that the Government cannot demonstrate that the error was harmless by demonstrating that the court would have imposed the same sentence absent the erroneous calculation. *See United States v. Ibarra-Luna,* 628 F.3d 712, 719 (5th Cir. 2010). Guzman contends that, without the § 2K2.1(b)(6) enhancement, his total offense level would be 23 and

result in a guidelines range of 57 to 71 months, which obviously is less than the 87-month sentence that was actually imposed.  Moreover, the Government does not assert on appeal that any error in applying the § 2K2.1(b)(6) enhancement was harmless.  Thus, we agree that the Government cannot demonstrate that such error was harmless.

Accordingly, for the reasons stated herein, we conclude that the district court reversibly erred in applying a four-level enhancement under § 2K2.1(b)(6), in combination with enhancements under § 2K2.1(b)(1)(B) and (b)(5).  Therefore, we VACATE and REMAND for resentencing.