# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40855
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEBBIE PEBBLES VELASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

REAVLEY, Circuit Judge:

Pursuant to a plea agreement, Debbie Pebbles Velasquez pleaded guilty to one count of making a false statement or representation with regards to firearm records, in violation of 18 U.S.C. § 924(a)(1)(a). Jose Duran recruited Velasquez to purchase firearms and fraudulently complete Bureau of Alcohol, Tobacco, and Firearms (ATF) forms that accompanied the purchases. Several of the weapons purchased by Velasquez were discovered later in Mexico. The district court sentenced Velasquez to 46 months of imprisonment and a three-year term of supervised release. Velasquez argues that the district court reversibly erred when it applied four-level offense enhancements under both U.S.S.G. § 2K2.1(b)(5) and § 2K2.1(b)(6), alleging that such an action

amounted to "double counting."  She explains that the trafficking offense underlying the enhancement under § 2K2.1(b)(5) was the "felony offense" underlying the enhancement under § 2K2.1(b)(6) and that, pursuant to *United States v. Guzman*, 623 F. App'x 151 (5th Cir. 2015), § 2K2.1, comment (n.13(D)), prohibits an enhancement under both sections when they rely on the same trafficking offense.

Although Velasquez objected in the district court to the factual basis underlying each enhancement, she did not raise the specific argument regarding double counting.  Therefore, we will review the claim for plain error only.  *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).  To prevail on plain error review, Velasquez must identify (1) a forfeited error (2) that is clear and obvious, and (3) that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she satisfies the first three requirements, we may, in our discretion, remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id*. (internal quotation marks and citation omitted).

In *Guzman*, we held that the district court erroneously applied the four-level enhancement under § 2K2.1(b)(6) when the felony offense forming the basis of its application was the same trafficking offense used to apply the four-level enhancement under § 2K2.1(b)(5).  *Guzman*, 623 F. App'x at 155-56.  Limiting our analysis solely to whether Application Note 13(D) prohibits the application of both enhancements, we found that the commentary indeed expressly prohibited such double counting.  *Id*. at 155.  Although our opinion in *Guzman* is unpublished, it is nonetheless persuasive.  *See* 5TH CIR. R. 47.5.4.  Therefore, we find that the imposition of the enhancements under § 2K2.1(b)(5)

and § 2K2.1(b)(6) was clear and obvious error.  *See Guzman*, 623 F. App'x at 155-56.

However, because Velasquez has not shown a reasonable probability that, but for the district court's error, she would have received a lesser sentence, she has failed to show that the error affected her substantial rights. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011).  At sentencing, the district court noted that "some [of the objections] may be academic" because the § 2K2.1(c)(1)(A) cross-reference would apply and maintain her offense level at 26.  In addition, the district court specifically adopted the factual findings of the presentence report, which set forth the applicability of the § 2K2.1(c)(1)(A) cross-reference.

We also find no merit in Velasquez's argument, raised for the first time on appeal, that the § 2K2.1(c)(1)(A) cross-reference should not apply in her case.  The series of firearms purchases, coupled with the fraudulent ATF forms and her observation of a cache of weapons under a mattress, establish that Velasquez knew that they were connected to the commission or attempted commission of another offense.  Moreover, Duran bragged to Velasquez that he and the head of the straw purchasing organization trafficked firearms.  Therefore, Velasquez has not shown any clear or obvious error in regard to the application of the § 2K2.1(c)(1)(A) cross-reference.  *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.