# United States Court of Appeals
## For the First Circuit

No. 18-1386

UNITED STATES,

Appellee,

v.

Travis J. Stinson,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Barron, Circuit Judges.

Elizabeth A. Billowitz, on brief for Appellant
Renée M. Bunker, Assistant U.S. Attorney, Appellate
Chief, and Halsey B. Frank, United States Attorney, on brief for
Appellee

October 23, 2020

**HOWARD**, **Chief Judge**.  Travis Stinson appeals the length of his sentence for firearms-related convictions, claiming that the district court improperly applied an excess of sentencing enhancements to a common set of facts.  We affirm the sentence.

## Background

On July 21, 2017, Stinson pled guilty to one count of aiding and abetting the theft of sixteen firearms from a licensed firearms dealer, in violation of 18 U.S.C. §§ 2, 922(u); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  Because Stinson pled guilty, we "draw the facts from the change-of-plea colloquy, the uncontested portions of the presentence investigation report [ ], and the transcript of the disposition hearing."  United States v. Heindenstrom, 946 F.3d 57, 59 (1st Cir. 2019) (quoting United States v. Narváez-Soto, 773 F.3d 282, 284 (1st Cir. 2014)).

On October 12, 2016, Stinson was involved in burglarizing and stealing sixteen firearms from JG Pawn Shop in Bangor, Maine.  On the day of the burglary, Stinson recruited two others to assist him in the crimes, promising to pay one of them in heroin.  That night, the trio drove to the area of the pawnshop, and the accomplice to whom Stinson had promised the drugs broke in and committed the thefts.  After the thefts, the trio used heroin together and twice changed vehicles.  Stinson then drove with his two accomplices "to New Hampshire and Massachusetts, where the

firearms were traded for drugs."  As promised, Stinson gave the drugs to the accomplice who had burglarized the pawnshop.  That accomplice then gave drugs to the other accomplice.

Two days later, Maine authorities arrested and detained Stinson on related charges.  Several months later, while Stinson was still in state custody, he appeared in federal district court and entered a guilty plea to an information charging the two federal firearms counts.  Sentencing was scheduled, and, in due course, a probation and pretrial services officer prepared a presentence investigation report (PSR).

The PSR proceeded through several common steps under the United States Sentencing Guidelines -- only one of which is challenged on appeal -- first setting a base offense level and then applying a number of enhancements to determine an adjusted offense level, then recommending a reduction for acceptance of responsibility to arrive at a total offense level of 27.  Stinson's criminal history score established a criminal history category of VI.

Relevant to this appeal are two sentencing enhancements from the guidelines.  One of the enhancements resulted in a four-level increase in the adjusted offense level for trafficking firearms.  See U.S.S.G. §2K2.1(b)(5).  The other enhancement applied by the PSR was an "other-felony-offense" enhancement, which resulted in a four-level increase in the adjusted offense

level;  this enhancement was recommended on the basis that Stinson used or possessed the firearms in connection with another felony offense, and transferred the firearms with knowledge, intent, or reason to believe that they would be used or possessed in connection with another felony offense.  See U.S.S.G. §2K2.1(b)(6)(B).  To support this enhancement, the PSR cited two facts: (1) Stinson obtained the firearms during the burglary of JG Pawn Shop and (2) he traded the firearms for heroin.

At sentencing, the district court accepted the guideline calculations as set forth in the PSR, rejecting an argument by Stinson's counsel that applying the other-felony-offense enhancement in U.S.S.G. §2K2.1(b)(6)(B) constituted impermissible double counting.  The sentencing judge noted that the recommended guideline range for a total offense level of 27 and a criminal history category of VI was 130 to 162 months.  Had the judge accepted Stinson's argument and not applied one of the four-level enhancements, Stinson's total offense level would have been 23 and his recommended sentencing range 92 to 115 months of imprisonment. See U.S.S.G. ch. 5, pt. A (sentencing table).  After hearing from Stinson and his family members, hearing the prosecution's recommendation of a below-guidelines sentence of 120 months, and crediting the 17 months Stinson had spent in state custody, the court sentenced Stinson to 90 months imprisonment and a term of

supervised release of three years.  Stinson timely appealed his sentence.

## Standard of Review

In reviewing the "procedural reasonableness of a sentence, we afford de novo review to the sentencing court's interpretation and application of the sentencing guidelines, assay the court's factfinding for clear error, and evaluate its judgment calls for abuse of discretion."  United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015).  However, if a party fails to preserve claims of error in the district court, we review the unpreserved claims for plain error only.  See id.

The parties dispute whether Stinson adequately preserved his arguments, but we need not resolve that issue, because the outcome is the same under de novo or plain error review.  See United States v. Delgado-Flores, 777 F.3d 529, 529 (1st Cir. 2015). Therefore, we will assume arguendo that Stinson preserved his arguments on appeal and apply de novo review.  See United States v. Ubiles-Rosario, 867 F.3d 277, 285 (1st Cir. 2017).

## Analysis

We have repeatedly held that a court may apply different enhancements based on the same nucleus of operative facts if the enhancements target "discrete concerns."  United States v. Fiume, 708 F.3d 59, 61 (1st Cir. 2013) (quoting United States v. Lilly, 13 F.3d 15, 19 (1st Cir. 1994)).  In this sense, double counting

is "less sinister than the name implies," <u>United States</u> v. <u>Zapata</u>, 1 F.3d 46, 47 (1st Cir. 1993), and is more appropriately thought of as "multiple use" of the same underlying fact. <u>Fiume</u>, 708 F.3d at 61 n.2. We are reluctant to forbid multiple use of a fact unless the Sentencing Commission has explicitly forbidden it or there is a compelling basis for reading into the guidelines such a prohibition. <u>Id.</u> at 62 n.3 (collecting examples of Commentary instructing against application of certain enhancements when same aspect of relevant fact is used in other sentencing calculations); <u>see</u> <u>also</u> <u>United States</u> v. <u>Chiaradio</u>, 684 F.3d 265, 283 (1st Cir. 2012).

The trafficking enhancement set out in Section 2K2.1(b)(5) states: "If the defendant engaged in the trafficking of firearms, increase by 4 levels." Application Note 13 to Section 2K2.1 explains that Section 2K2.1(b)(5) interacts with other subsections in the following manner:

> <u>Interaction with Other Subsections</u>.--In a case in which three or more firearms were both possessed and trafficked, apply both subsections (b)(1) and (b)(5). If the defendant used or transferred one of such firearms in connection with another felony offense (<u>i.e.</u>, an offense other than a firearms possession or trafficking offense) an enhancement under subsection (b)(6)(B) also would apply.
>
> U.S.S.G. §2K2.1, cmt. n.13.

In turn, the other-felony-offense enhancement set out in Section 2K2.1(b)(6)(B) states: "If the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels." Section 2K2.1's Application Note 14 explains that Subsection (b)(6)(B) applies even when the "other offense" is burglary:

> Application When Other Offense is Burglary or Drug Offense.--Subsections (b)(6)(B) and (c)(1) apply (i) in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary; and (ii) in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In these cases, application of subsections (b)(6)(B) and, if the firearm was cited in the offense of conviction, (c)(1) is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively.
>
> U.S.S.G. §2K2.1, cmt. n.14.

Stinson's counsel conceded at the sentencing hearing that he could not find anything in the guidelines proscribing simultaneous application of the trafficking and other-felony-offense enhancements. We also find no such prohibition.

Stinson correctly observes that Application Note 13 requires application of the other-felony-offense enhancement if, in a case in which three or more firearms were trafficked, a defendant "used or transferred" a firearm in connection with another felony. Stinson did not use or transfer the firearms during the course of the burglary; he only possessed them. But Section 2K2.1(b)(6)(B) itself states that it applies when a defendant "used or possessed" a firearm in connection with another felony offense. And Application Note 14 clarifies that the other-felony-offense enhancement applies in the case of a burglary when a defendant "finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." Application Note 14 therefore addresses the very facts of this case. The two sentencing enhancements can operate independently of one another, even if Application Note 13 provides guidance about how judges should apply both Section 2K2.1(b)(5) and Section 2K2.1(b)(6)(B) when the defendant's crime triggers both enhancements.

We lack any explicit instruction not to apply the other-felony-offense enhancement when the other offense is burglary and the defendant did not use or transfer the firearm during the burglary. That an Application Note describes one set of circumstances in which an enhancement may be applied does not mean the enhancement is available only in those specific circumstances.

See, e.g., United States v. Brake, 904 F.3d 97, 101-02 (1st Cir. 2018) (finding no impermissible multiple use in application of stolen firearm enhancement and other-felony-offense enhancement supported by acquisition of firearms during burglary). Stinson's reading of Application Note 13 would have us disregard the plain text of Section 2K2.1(b)(6)(B) in favor of a stretched interpretation of guideline commentary. This we cannot do. See Stinson v. United States, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it . . . is inconsistent with, or a plainly erroneous reading of, that guideline."). Additionally, "[a]n application note and a guideline are inconsistent only when 'following one will result in violating the dictates of the other.'" United States v. Piper, 35 F.3d 611, 617 (1st Cir. 1994) (quoting Stinson, 508 U.S. at 43). Application Note 13 does not forbid applying the other-felony-offense enhancement in this case, nor does it violate the guideline it interprets.

Stinson further asks us to consider holdings from the Second and Fifth Circuits vacating sentences due to misapplication of Section 2K2.1(b)(6)(B). In the Second Circuit case, United States v. Young, 811 F.3d 592 (2d Cir. 2016), the defendant received a Section 2K2.1(b)(5) enhancement for trafficking in firearms and a Section 2K2.1(b)(6)(B) enhancement for possessing or transferring firearms to others with knowledge, intent, or

reason to believe they will be used or possessed in connection with another felony offense. See id. at 601. The Second Circuit read Application Note 13 as prohibiting the application of both the trafficking enhancement and the other-felony-offense enhancement (where the other qualifying offense is the same trafficking) because of the Note's language excluding "firearms possession or trafficking offense[s]" as qualifying offenses. Id. at 602 (quoting U.S.S.G. §2K2.1, cmt. n.13). The Fifth Circuit's decision in United States v. Guzman, 623 F. App'x 151 (5th Cir. 2015) likewise found that the Section 2K2.1(b)(6)(B) other-felony-offense enhancement for "exporting firearms without a license" and the trafficking enhancement could not both apply when based on the same trafficking offense. Id. at 152, 155-156.

Though well-reasoned, neither Young nor Guzman involved a burglary offense as the other-felony-offense for enhancement purposes. There is no text in the guidelines or Application Notes forbidding application of Section 2K2.1(b)(6)(B) here. To the contrary, Application Note 13 explains that with a trafficking enhancement under Section 2K2.1(b)(5), an other-felony-offense enhancement under Section 2K2.1(b)(6)(B) would apply; and further, Application Note 14 explains that the other-felony-offense enhancement under Section 2K2.1(b)(6)(B) would apply when the other offense is burglary, "even if the defendant did not engage

in any other conduct with that firearm during the course of the burglary."  U.S.S.G. §2K2.1, cmt. n.14.

Therefore, we hold that applying the other-felony-offense enhancement supported by Stinson's burglary offense was appropriate.  See also United States v. Shelton, 905 F.3d 1026, 1034-35 (7th Cir. 2018) (upholding other-felony-offense enhancement along with trafficking enhancement where other felony offense was burglary).

## Conclusion

For the above reasons, Stinson's sentence is **affirmed**.