# United States Court of Appeals
## For the First Circuit

No. 19-1815

UNITED STATES OF AMERICA,

Appellee,

v.

ALEJANDRO CARRIÓN-MELÉNDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Barron, Selya, and Lipez, Circuit Judges.

Samuel P. Carrión, Assistant Federal Public Defender, with
whom Eric Alexander Vos, Federal Public Defender, Franco L. Pérez-
Redondo, Assistant Federal Public Defender, Supervisor, Appeals
Division, and Alejandra Bird López, Research & Writing Specialist,
were on brief, for appellant.
Gregory B. Conner, Assistant United States Attorney, with
whom W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-
Almonte, Assistant United States Attorney, Chief, Appellate
Division, and Julia M. Meconiates, Assistant United States
Attorney, were on brief, for appellee.

February 22, 2022

**BARRON, Circuit Judge.** Alejandro Carrión-Meléndez ("Carrión") challenges his sentence of ninety months of imprisonment and three years of supervised release for his conviction on a firearms offense charge under 18 U.S.C. § 922(g). He contends that the sentence cannot stand because it was predicated on the application of a four-level enhancement under the United States Sentencing Guidelines ("U.S.S.G.") that the record does not support. We vacate the sentence and remand for resentencing.

**I.**

We draw the following facts from the portions of the presentence report to which neither party objected. See United States v. Rogers, 17 F.4th 229, 232 (1st Cir. 2021) (citing United States v. Benoit, 975 F.3d 20, 21 (1st Cir. 2020)). A confidential informant told the Puerto Rico Police Department ("PRPD") on May 3, 2018, that a probationer was illegally armed. The informant also told the PRPD at that time that the probationer visited a certain gas station in Manatí, Puerto Rico every day and that the probationer had been seen at the Villa Evangelina Public Housing Project ("PHP") in the same city. The informant also provided the police with the license plate number, make, model, and color of the car that the probationer drove.

The PRPD subsequently both discovered that the car described by the informant had been reported stolen six months

prior and corroborated that the driver of the car, Carrión, was on probation for a state narcotics conviction. Then, on May 16, 2018, PRPD officers observed Carrión, a lifelong resident of Villa Evangelina, driving the car that the informant had described at the gas station that the informant had mentioned.

The officers observed Carrión exit the car carrying a sports bag. They also observed him enter the gas station, followed by another man who had arrived ten minutes prior and who had waited outside the gas station with a fanny pack in hand. The officers had previously observed that man place what appeared to be a firearm in the fanny pack. The officers immediately arrested both that man and Carrión and, incident to Carrión's arrest, conducted a search of the sports bag that Carrión had been carrying.

The officers seized from the sports bag a Glock pistol that was fully loaded with eight rounds of ammunition, four small plastic containers holding marijuana, and two magazines fully charged with twenty-two rounds each. The officers also seized from Carrión's pants pockets $2,177 in cash. Moreover, the officers seized from inside the car that Carrión was driving a revolver, a fully loaded pistol, and six additional magazines, five of which were fully loaded. Carrión later admitted to law enforcement that he owned the three firearms and that he was under local probation.

The same day, Carrión was charged in a criminal complaint with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). A week later, a grand jury indicted him on that charge. The indictment also contained a firearms forfeiture allegation. Carrión pleaded guilty to the § 922(g)(1) count on December 18, 2018.

The U.S. Probation Officer filed a Presentence Investigation Report ("PSR") on March 11, 2019. The parties subsequently filed sentencing memoranda. The government's memorandum objected to the PSR because it "fail[ed] to take into account Defendant's possession of extended magazines, as well as Defendant's possession of the firearms in connection with a felony offense." The government contended that, as a result, Carrión's "Base Offense Level" ("BOL") should be calculated as 22 instead of 20, and that "an additional 4 points should be added for possessing the firearms in connection with drug trafficking -- a felony offense." After other adjustments already included in the PSR, that would bring Carrión's "Total Offense Level" ("TOL") to 27.

The government's memorandum also argued for a sentence at the high end of the guidelines range. The government relied on the PSR to argue that Carrión "was working as an armed enforcer for the drug trade organization at the Villa Evangelina PHP in Manatí, Puerto Rico" while he was "on probation" for previous drug trafficking offenses. The government included with its memorandum

nearly fifty pictures that it alleged showed Carrión "packaging mari[j]uana, and what appears to be cocaine, for distribution," and his "disturbing penchant for high-capacity firearms and drugs."

The only context given for the pictures was that they were "images extracted from . . . cellphones" that Carrión had in his possession when he was arrested. The government argued that the pictures, together with the other evidence seized left "no doubt that Defendant is engaged in drug trafficking."

Carrión also objected to the PSR. As relevant here, he asked for "copies of supporting documents" regarding the "armed enforcer" allegations. His counsel stated that he "believe[d] there was no finding of fact on behalf of the local judge as to a revocation based on the events mentioned by [the U.S. Probation Officer] in her motion rather than a revocation for the new federal case." The U.S. Probation Officer claimed that the "information regarding the defendant's revocation of probation at the local level was verified with the local probation officer who attended said final revocation hearing on December 20, 2018."

Thereafter, on May 3, 2019, the U.S. Probation Officer disclosed an amended PSR and filed an addendum to the PSR. The amended PSR included the heightened BOL and the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) based on Carrión's possession of firearms "in connection with drug

trafficking, a felony offense." Carrión's recalculated TOL was, as the government requested, placed at 27. The amended PSR restated the allegations regarding Carrión's work as an "armed enforcer for [a] drug trade organization." It stated that state law enforcement officers had reported this activity, and that Carrión's "P.R. Probation Officer (PRPO) . . . confirmed the allegations with neighbors from said PHP." It further stated that Carrión's probation on prior drug trafficking charges had been revoked on December 20, 2018, and that he had been sentenced to a term of imprisonment of five years, after "PRPO submitted a motion notifying violation of conditions of probation."

Based on the recalculated TOL and Carrión's uncontested criminal history category of III, the PSR calculated the guideline imprisonment range as 87 to 108 months. Without the enhancement, the TOL would have been 23 and the guideline imprisonment range would have been 57 to 71 months. See U.S.S.G. ch. 5, pt. A.

Carrión filed four objections to the amended PSR. Two are relevant to this appeal.

The first concerns Carrión's objection to the inclusion in the PSR of claims regarding his status as an "armed enforcer for [a] drug trade organization" and the revocation of his probation. He argued that "there is no basis in fact to determine that the facts alleged by the PRPO occurred nor that the reason

for the revocation was anything other than the conviction [in] the present case."

Carrión also objected to the inclusion of the four-level enhancement. He did so on the ground that there was "no evidence that he 'used or possessed any firearm or ammunition in connection with any other felony offense.'"

The District Court issued a minute order overruling Carrión's objections. It explained that "the record contains sufficient supporting evidence justifying the inclusion of [the armed enforcer] language in the PSR," and that "the government has shown, by a preponderance of the evidence, that U.S.S.G. § 2K2.1(b)(6)([B]) is applicable."

At Carrión's sentencing hearing, he reiterated the objections that he had made to the amended PSR. In response to his arguments, the District Court expressed "doubts concerning the four-point enhancement." The government argued that the photographs that it had submitted with its sentencing memorandum supported application of the enhancement. Carrión then objected to the consideration of the photographs the government had submitted because they were not "presented correctly in a sufficient manner for the Court to determine the reliability" of them. The District Court again overruled Carrión's objection to the enhancement.

The government thereafter "request[ed] a sentence at the high end of the guideline range." In doing so, the government, in addition to restating the allegations already discussed, played for the District Court a video that it said was taken on May 11, 2018, at the Villa Evangelina PHP. The government argued that the video showed that Carrión "associates with individuals carrying the same type of weaponry that were [sic] found on his phone in" that housing project.

The defense objected to this video and the government's narrative description of what it contained. Before the video was played, the District Court responded to Carrión's objection by saying "I'm not going to take [the video] into consideration," yet it later stated that it would allow the government to show the video but "I may not take it into consideration" (emphasis added). The District Court did not mention the video again after it was played.

The District Court, without substantial explanation of its reasoning, applied the four-level enhancement for possessing firearms in connection with drug trafficking and imposed a sentence of ninety months of imprisonment and three years of supervised release.[1] In imposing its sentence, it stated that Carrión

---

[1] The District Court applied the four-level enhancement based on Carrión's purported drug trafficking, and not based on his possession of marijuana. The government does not contend on

"decided to continue working as an armed enforcer for the drug trafficking organization at the Villa Evangelina PHP."

Carrión timely appealed.

## II.

Carrión argues that the District Court erred in applying the enhancement in question because it improperly relied on the allegation in the PSR that Carrión "was working as an armed enforcer for the drug trade organization at the Villa Evangelina PHP," which the PSR claimed had been confirmed by Carrión's PRPO "with neighbors from said PHP." The District Court's reliance on the allegation was improper, Carrión argues, because it was unsupported by a preponderance of the evidence. He contends in that regard that the allegation was conclusory, unsworn, and multiple-level hearsay from an unidentified source that was lacking in any details to support it. Cf. United States v. Torres-Landrúa, 783 F.3d 58, 64 (1st Cir. 2015) (holding that a district court "did not abuse its discretion in concluding that" statements that were "basically rumors . . . were unreliable and excluding them"). In reviewing this properly preserved challenge to the procedural reasonableness of the sentence, "we afford de novo review to the sentencing court's interpretation and application of the sentencing guidelines, assay the court's factfinding for clear

_____

appeal that the enhancement is supportable on the ground of mere possession.

- 9 -

error, and evaluate its judgment calls for abuse of discretion." United States v. Stinson, 978 F.3d 824, 826 (1st Cir. 2020) (quoting United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015)).

We recognize that a PSR generally "bears sufficient indicia of reliability to permit the district court to rely on it at sentencing." United States v. Miranda-Díaz, 942 F.3d 33, 40 (1st Cir. 2019) (quoting United States v. González-Rodríguez, 859 F.3d 134, 137 (1st Cir. 2017)). But, where an objection has been raised, the "mere inclusion in the PSR" of factual allegations "does not convert facts lacking an adequate evidentiary basis with sufficient indicia of reliability into facts a district court may rely upon at sentencing." United States v. Harris, 702 F.3d 226, 230 n.2 (5th Cir. 2012). And, the objected-to allegation in the PSR that Carrión was an "armed enforcer for [a] drug trade organization" does lack the indicia of reliability that we have found sufficient in prior cases. See, e.g., United States v. Lee, 892 F.3d 488, 492 (1st Cir. 2018); United States v. Mills, 710 F.3d 5, 16 (1st Cir. 2013); United States v. Green, 426 F.3d 64, 67 (1st Cir. 2005). Instead, as Carrión contends, the armed-enforcer allegation is multiple-level hearsay that does not fall into a recognized exception, is made by an unnamed source, is not detailed, and is uncorroborated. Thus, we agree with Carrión that, insofar as the District Court did rely on this allegation in the

PSR in applying the enhancement, it abused its discretion in doing so.

Notably, the government does not contend in its briefing to us -- though it switched course at oral argument -- that the allegation in question in the PSR does bear sufficient indicia of reliability to provide a supportable basis for finding Carrión to be an "armed enforcer for [a] drug trade organization." It contends instead only that the District Court did not rely on the allegation when applying the four-level enhancement. As to that contention, however, we cannot agree.

The government does not dispute that the District Court cited to and stated the "armed enforcer" allegation as if it were a fact in setting forth the reasons for choosing Carrión's sentence. It instead contends that the District Court did so only in reference to the balancing of the sentencing factors set out in 18 U.S.C. § 3553(a) and not to support the application of the four-level enhancement to which Carrión objects.

To be sure, at the sentencing hearing, most immediately before denying Carrión's objection to the four-level enhancement, the District Court noted Carrión's unexplained possession of a large amount of cash, and not the "armed enforcer" allegation. The record reveals, however, that the allegation was made persistently at each stage of the sentencing proceedings, starting when the original PSR was filed. It further reveals that by the

end of the sentencing proceedings the District Court had the allegation in mind and found it sufficiently reliable to use in crafting the sentence. And, while the government may have tried to maintain a wall between the evidence that it used in addressing the § 3553(a) factors and the evidence on which it relied to argue for application of the four-level enhancement under the Guidelines, the District Court denied Carrión's objections to the application of the four-level enhancement, first in a minute order and then in a short statement from the bench, without clearly stating in either that the allegation played no role in its determination that the enhancement applied.

We thus conclude that it is prudent to give the District Court the opportunity to clarify and, if appropriate, reconsider the precise basis for applying the enhancement. See United States v. Gilman, 478 F.3d 440, 446-47 (1st Cir. 2007) ("[I]f we are in fact unable to discern from the record the reasoning behind the district court's sentence, appellate review is frustrated and 'it is incumbent upon us to vacate, though not necessarily to reverse' the decision below to provide the district court an opportunity to explain its reasoning at resentencing." (quoting United States v. Feliz, 453 F.3d 33, 36 (1st Cir. 2006)) (citing United States v. McDowell, 918 F.2d 1004, 1012 (1st Cir. 1990))). A review of the evidence in the record that is independent of the challenged allegation supports our following this course.

There is a surfeit of support in the record for a finding regarding Carrión's involvement with firearms. But, the enhancement as applied here, see supra note 1, also requires that the possession of firearms be in connection with drug trafficking.

There is evidence in the record that supportably shows that at least one of the people depicted in the video is involved in the drug trade, but the District Court appears to have indicated that it was inclined not to rely on the video, in part due to questions about the video's probative value with respect to Carrión himself. Moreover, the record does not show that the person who was found with Carrión and arrested at the gas station is involved in drug trafficking.

Carrión was found with more than $2,000 in cash along with drugs, and he had a prior drug conviction. But, the quantity of those drugs was relatively small and arguably consistent with personal use, and the conviction was from 2010, which was eight years before his arrest in this case. In addition, the record does not show when the photographs that the government included in its sentencing memorandum and that appear to show Carrión with large quantities of drugs were taken.

The government emphasizes that a firearm was found with the small amount of drugs in Carrión's sports bag and that "in a situation in which the additional felony [underlying the four-point enhancement] is drug trafficking, the guideline means that

the enhancement is appropriate whenever the firearm is in close proximity to drugs." United States v. Paneto, 661 F.3d 709, 717 (1st Cir. 2011). And, we recognize that we have upheld on clear error review the express application of the four-level enhancement at issue here based on certain inferences made from factual predicates that bear some similarities to this one. See United States v. Reyes-Torres, 979 F.3d 1, 8-9 (1st Cir. 2020); United States v. Matthews, 749 F.3d 99, 105-06 (1st Cir. 2014); United States v. Cannon, 589 F.3d 514, 515, 518-19 (1st Cir. 2009).

But, the District Court here, as we have explained, made no clear factual finding that the evidence independent of the armed enforcer allegation supported the conclusion that Carrión was involved with drug trafficking such that his possession of the firearms was in connection with such trafficking and thus that that evidence supported the sentencing enhancement's application. We thus have no finding here to scrutinize that is akin to those that had been made in the cases that the government invokes in asking us to affirm the application of the enhancement here.

**III.**

We **vacate** the sentence and **remand** for resentencing.

- 14 -