# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2022

Lyle W. Cayce
Clerk

No. 20-10977

United States of America,

*Plaintiff—Appellee*,

*versus*

Jonathan Taylor Singletary,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-90-5

Before Higginbotham, Willett, and Duncan, *Circuit Judges*.
Stuart Kyle Duncan, *Circuit Judge*:

Jonathan Singletary was convicted of conspiring to possess firearms in furtherance of drug trafficking. Following the Presentence Report ("PSR"), the district court applied two sentencing enhancements under U.S.S.G. § 2K2.1(b)(5) and (b)(6)(B). Singletary challenges those enhancements on two grounds, only one of which he raised in the district court. We affirm.

I.

Singletary pled guilty of conspiring to possess firearms in furtherance of drug trafficking. *See* 18 U.S.C. § 924(o). He made straw purchases of guns

No. 20-10977

for other individuals, who used them to traffic drugs. He fraudulently bought at least 10 guns for Fort Worth-area drug dealers in exchange for cash, gifts, and marihuana. He also purchased marihuana directly from the dealers.

Singletary's base offense level was 20 under U.S.S.G. § 2K2.1(a)(4). Based on his offense conduct, the PSR recommended two sentencing enhancements relevant here. First, it advised enhancing four levels for firearms trafficking under U.S.S.G. § 2K2.1(b)(5). This (b)(5) enhancement applies when a defendant knowingly traffics two or more guns to someone who cannot lawfully possess them or who intends to use them unlawfully. U.S.S.G. § 2K2.1 cmt. n.13(A)(i)–(ii). According to the PSR, Singletary admitted to buying guns for two co-conspirators to "aid their drug trafficking business." Second, the PSR advised enhancing four levels under U.S.S.G. § 2K2.1(b)(6)(B) for trafficking a gun "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." According to the PSR, Singletary bought the guns knowing they "would be used to protect or aid in the drug trafficking activity of the distributors."

Singletary did not file written objections to the PSR. But his attorney objected to the (b)(6)(B) enhancement at the sentencing hearing, suggesting it penalized Singletary a second time for his conviction conduct.[1] The district court adopted the PSR's factual findings and overruled the objection. It granted the government's motion for a downward departure under U.S.S.G. § 5K1.1 for Singletary's assistance to authorities, which reduced his

---

[1] Specifically, his attorney stated she would "like to shadow the objections that were made by [the attorneys for two co-conspirators], and specifically the application of Section 2K2.1(b)(6)(B) penalizing—automatically enhanc[ing] the guideline range for the conduct, the basic elements of the offense." The co-conspirators' attorneys objected to applying (b)(6)(B) as a form of "double counting" by enhancing the offense for "the charge itself," which was "possessing firearms in the course of committing a drug-related felony."

No. 20-10977

guidelines range to 108–135 months' imprisonment. The court ultimately imposed a 108-month prison sentence and three years' supervised release. Singletary timely appealed.

## II.

We review a district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Luyten*, 966 F.3d 329, 332 (5th Cir. 2020) (citation omitted).

## III.

Singletary raises two distinct arguments on appeal. First, he argues the (b)(6)(B) enhancement was improper because it was based not on "another felony offense," as that subsection requires, but on the same offense underlying his conviction. Second, he contends for the first time on appeal that applying both the (b)(6)(B) and the (b)(5) enhancements to the same firearms-trafficking conduct amounts to impermissible double counting. We address each argument in turn.

## A.

First, we consider Singletary's contention that the district court erred by applying (b)(6)(B) to the same crime underlying his conviction. Because Singletary preserved[2] this issue, our review is *de novo. Neal*, 578 F.3d at 273.

Subsection (b)(6)(B) enhances a defendant's sentence by four levels if a defendant possesses or transfers a firearm with reason to believe it would be used or possessed "in connection with another felony offense." U.S.S.G.

---

[2] Singletary's attorney did so by objecting to (b)(6)(B)'s "automatically enhanc[ing] the guideline range for . . . the basic elements of the offense," and by stating she incorporated Singletary's co-conspirators' objections to "double counting" based on "the charge itself." That objection was "sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009) (citation omitted).

3

No. 20-10977

§ 2K2.1(b)(6)(B). The key phrase is "another felony offense," which the relevant application note defines as "any federal, state or local offense, *other than the explosive or firearms possession or trafficking offense*, punishable by imprisonment [for more than a year], regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C) (emphasis added). The current "other than" clause "excludes from the definition of 'another felony offense' only the possession or trafficking offense that serves as the basis for the defendant's conviction." *United States v. Juarez*, 626 F.3d 246, 255 (5th Cir. 2010).[3]

Singletary argues the district court erred by enhancing under (b)(6)(B) because he "did not transfer the firearms in connection with *another* felony offense." He thus claims his offense level was wrongly enhanced for the same offense he was convicted of. We disagree. Singletary was convicted for conspiring to possess guns (*i.e.*, make straw purchases) to help drug dealers. *See* 18 U.S.C. § 924 (c), (o); *United States v. McClaren*, 13 F.4th 386, 414 (5th Cir. 2021) (a § 924(o) conviction requires "that Defendants agreed to violate . . . § 924(c), knew of the agreement's unlawful purpose, and joined in it willfully with the intent to further that purpose"). But Singletary was enhanced under (b)(6)(B) because the straw purchases were used, as the PSR put it, "to protect or aid in the drug trafficking activity of the distributors." In other words, the "[]other felony offense" for (b)(6)(B) purposes was the

---

[3] A prior version of the clause omitted the "the" in the present clause, defining "another felony offense" as "offenses other than explosives or firearms possession or trafficking offenses." *Id.* at 254 & n.22 (quoting U.S.S.G. § 2K2.1 cmt. n.15 (2005)). This different phrasing led other circuits to read the enhancement as "categorically excluding firearms possession and trafficking offenses." *Id.* at 254 & n.21 (collecting decisions). Today's version—amended in 2006 to exclude only "*the* explosive or firearms possession or trafficking offense"—is the one applicable here. *Id.* at 254 (emphasis added).

drug dealing conspiracy "of *the distributors*." That offense is distinct from Singletary's. *See* 21 U.S.C. § 846; 18 U.S.C. § 924(c), (o).[4]

In sum, the district court did not err because Singletary's "crime of conviction" was "distinct from the crime used to support the application of the [(b)(6)(B)] enhancement." *Juarez*, 626 F.3d at 255.

## B.

We next consider Singletary's argument that the district court erroneously double-counted by applying both (b)(6)(B) and (b)(5) based on the same gun trafficking conduct. Because Singletary did not object on this ground, we review for plain error. *See United States v. Velasquez*, 825 F.3d 257, 259 (5th Cir. 2016) (reviewing for plain error where defendant did not specifically raise argument that (b)(5) and (b)(6)(B) cannot both apply). Singletary must therefore show an obvious error that affects his substantial rights and that correction is necessary "because [the error] seriously affects the fairness, integrity or public reputation of judicial proceedings." *McClaren*, 13 F.4th at 413 (citation omitted).

"[D]ouble counting is prohibited only if the particular guidelines at issue specifically prohibit it." *United States v. Johnson*, 990 F.3d 392, 403 (5th Cir. 2021) (citation omitted). That is true here: the guidelines "expressly prohibit[]" applying both (b)(5) and (b)(6)(B) based on the same gun-trafficking offense. *Velasquez*, 825 F.3d at 259; *see also* U.S.S.G. § 2K2.1 cmt. n.13(D); *United States v. Guzman*, 623 F. App'x 151, 155 (5th Cir. 2015) (unpublished).

---

[4] *See also, e.g.*, *United States v. Perez*, 585 F.3d 880, 888–89 (5th Cir. 2009) (affirming (b)(6)(B) enhancement because federal firearm-possession conviction was "sufficiently distinct" from discharging the gun in violation of Texas law); *United States v. Armstead*, 114 F.3d 504, 510, 512–13 (5th Cir. 1997) (rejecting defendants' argument that enhancement based on state burglary punished them twice for the conduct underlying their federal conviction of stealing firearms from a licensed firearms dealer).

In *Velasquez*, we found plain error where the district court applied both the (b)(5) and (b)(6)(B) enhancements after the defendant pleaded guilty to making a false statement with regard to firearms records. 825 F.3d at 258–59. There, both enhancements rested on her firearms trafficking— (b)(5) applied automatically and (b)(6)(B) applied because the firearms ended up in Mexico. *See ibid.* This was error based on Application Note 13(D)'s prohibition against applying both enhancements based on the same firearms trafficking offense. *Id.* at 259. The same was true in *Guzman*, an unpublished opinion that *Velasquez* approved. There, the district court applied (b)(5) based on Guzman's trafficking firearms and (b)(6)(B) based on Guzman's having exported firearms without a valid export license. *See* 623 F. App'x at 152. In both cases, applying both enhancements was double-counting because the basis for each was the same firearms trafficking offense.

We have a different situation here. The district court applied the (b)(6)(B) enhancement because Singletary trafficked guns to facilitate a drug distribution conspiracy. By contrast, it applied the (b)(5) enhancement because Singletary trafficked guns to persons who could not lawfully possess them. *See* U.S.S.G. § 2K2.1 cmt. n.13(A)(ii). So, the court rested each enhancement on two different offenses (drug distribution on the one hand, gun trafficking on the other), and not the same gun trafficking offense. And impermissible double-counting depends not, as Singletary claims, on the same conduct but on the same offense. *See Juarez*, 626 F.3d at 255.

Our opinion in *Luna* is instructive. *See United States v. Luna*, 165 F.3d 316 (5th Cir. 1999). Luna was convicted of knowingly possessing stolen firearms. *Id.* at 318. The district court enhanced his sentence under both § 2K2.1(b)(4) for possessing a stolen gun and (b)(5) [current (b)(6)(B)] for possessing the same gun during a burglary. *Id.* at 322. We affirmed because "we perceive[d] significant differences between the two subsections." *Ibid.* While (b)(4) applied "ipso facto" because Luna possessed a stolen firearm

and would have applied regardless of its use in a burglary or another felony, the enhancement under then-(b)(5) applied only because the firearm was "involved in another felony offense." *Id.* at 323. We reasoned that then-(b)(5)'s language reflected the "greatly increased" "potential for harm" that arises from possessing a gun in connection with a burglary, "thereby justifying the additional enhancement." *Ibid.* In other words, the enhancements punished different aspects of factually identical conduct, so it was permissible to apply both.

The same logic applies here. Subsection (b)(5) applies "ipso facto" if the defendant "engaged in the trafficking of firearms." U.S.S.G. § 2K2.1(b)(5). By contrast, (b)(6)(B) applies only if he did so to facilitate "another felony offense"—here the conspiracy to distribute narcotics. U.S.S.G. § 2K2.1(b)(6)(B). As such, the court did not apply both enhancements based on "the same [firearms-] trafficking offense" but instead enhanced Singletary's sentence to reflect his involvement in two distinct offenses. *Velasquez*, 825 F.3d at 259. Consequently, the district court did not plainly err by applying both enhancements.

AFFIRMED.