# United States Court of Appeals
## For the First Circuit

Nos. 19-1163, 19-1166, 19-1462

UNITED STATES,

Appellee,

v.

ISAAC ZAYAS BURGOS,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]
[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Thompson, Boudin, and Barron,
Circuit Judges.

Raymond Sánchez Maceira on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Antonio L. Perez-Alonso, Assistant United States Attorney, on brief for appellee.

April 13, 2021

**BOUDIN**, **Circuit Judge**.   Isaac Zayas-Burgos pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), engaging in firearms trafficking without a license, 18 U.S.C. § 922(a)(1)(A), and conspiring to commit an offense against the United States, 18 U.S.C. § 371.   These crimes violated the terms of two distinct supervised release sentences, leading to the revocation of both and two consecutive twenty-four-month sentences of imprisonment.   For the crimes themselves, Zayas-Burgos was also sentenced to eighty-seven months in prison, to be served consecutively to the revocation sentences.

This is a consolidated appeal of all three sentences, but Zayas-Burgos only advances arguments challenging the eighty-seven-month sentence.   Review is for plain error because, though appellant's counsel objected below, counsel offered no reason for the objection nor specified the type of objection raised.   United States v. Hurley, 842 F.3d 170, 173 (1st Cir. 2016).

Zayas-Burgos says the district court erred by viewing the Sentencing Guidelines as mandatory, pointing to the end of the following statement as evidence:

> All things considered, taking into account the totality of circumstances, which the Court has looked into very carefully, on the judgment of the Court, Mr. Isaac Zayas is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 87 months as to Count I and 60 months as to Counts II and III, to be served concurrently with each other, consecutively to the term imposed upon revocation in criminal case 13-529 and 15-733, pursuant to Section 5(g)(1.2).

(Emphasis added).  He says this language shows the court believed it had to impose the eighty-seven-month sentence consecutively to the revocation sentence.

We presume judges know the Guidelines are advisory, United States v. Vega-Salgado, 769 F.3d 100, 104 (1st Cir. 2014), and the district court's articulation of a flexible "all things considered, . . . totality of the circumstances" analysis is inconsistent with the conclusion that the court felt bound by mandatory Guidelines.  The district court here also referred to the Guidelines as "advisory."  Claims like Zayas-Burgos's have been regularly rejected even on much stronger evidence the district court believed the Guidelines were mandatory.  See, e.g., United States v. Stone, 575 F.3d 83, 91 (1st Cir. 2009).

Zayas-Burgos also argues the district court erred by not offering a distinct analysis of the § 3553(a) factors to support imposing the sentences consecutively.  But he cites no legal support, nor does he point to evidence showing that the court's analysis of the 18 U.S.C. § 3553(a) factors did not motivate its decision on both the length and consecutiveness of the sentences.

Affirmed.